CHASEZ, Justice ad hoc.
The plaintiff, Charley Griffin, instituted this suit to recover from the Catherine Sugar Company, Inc., damages for personal injuries sustained by him while he was being transported to his home in the defendant-employer’s conveyance. The matter is now before us on a writ of certiorari issued by this court to review the judgment of the Court of Appeal for the First Circuit affirming the judgment of the district court dismissing the plaintiff’s suit. See, 42 So.2d 913.
We find the facts of the case to be substantially as set out in the brief of the plaintiff. These are that “Catherine Sugar Company, Inc., operates two adjoining or nearby plantations in West Baton Rouge Parish just across the river from Baton Rouge, Louisiana — -Catherine and Barrowza. A sugar factory is located on Catherine and practically all the cane grown on the two plantations is ground in this factory. For years prior to 1941 and continuing to the present time, during *849 the fall and winter cane cutting season, the corporation has hired workers from across the river in East Baton Rouge Parish and has transported them each day from their homes to the fields and return. For this transportation, a truck-trailer unit is employed. The trailer is the type commonly used in the sugar cane sections of Louisiana for hauling the cane from the fields to the factories. It has a long body with steel longitudinal slats and both ends rounded and slanted outward from the floor. The incline outward of the rear of the trailer is somewhat greater than the front end, but the approximate angle of the incline was not definitely established by the testimony. Workers riding in the trailer sat on boards placed between the openings in the side slats. The cane cut by the workers who were transported in the trucks to Barrowza plantation is ground in the sugar mill at Catherine plantation.
“The accident happened in the late afternoon or early evening when the workers were being taken to their homes. Plaintiff and others had boarded the trailer at Barrowza plantation, where they had been cutting cane that day. There is some dispute about the number of people in the trailer, but it is certain it was well filled and in addition there were three or four women * * * in the cab with the driver. On the way to East Baton Rouge Parish, two of these women in the cab began teasing each other and the teasing developed into a fight between them. The driver then pulled the truck-trailer off the road and stopped. Griffin (the plaintiff) was sitting immediately next to the rear of the trailer and when the truck stopped, he was either thrown out (as the plaintiff contends), or fell when he attempted to climb out (as the defendant contends), and broke his leg,” in the region of the ankle. (The language within the brackets has been added by the court).
The plaintiff’s suit was in tort, and, in the alternative, for compensation under the Employers’ Liability Act, Act No. 20 of 1914, as amended, LSA-RS 23:1031 et seq.
The trial judge’s dismissal of the suit is predicated upon his finding that the preponderance of the evidence demonstrated whatever injury plaintiff suffered “was due to his own fault or negligence,” and also that it did not arise out of his employment, but, instead, while he was on a mission of his own — to get out and see a fight — having no causal connection with his employment.
The Court of Appeal for the First Circuit, affirming this judgment, denied recovery under the compensation statute on the theory the plaintiff was not entitled to its protection because his “duties consisted entirely of cutting cane, an agricultural pursuit, and * * * his mere transportation to and from the cane fields does not alter his status as a cane cutter.” [42 So. 913, 914.] Recovery was denied in tort because the court found the plaintiff had not sustained the burden of prov *851 ing the accident was caused by the negligent manner in which the truck driver stopped the truck suddenly and swerved to the side of the road when the fight developed between the women in the cab. The court felt it would have been physically impossible for the plaintiff to have been precipitated over the high slanting back of the trailer no matter how sudden the stop or how sharp the turn.
Inasmuch as the plaintiff’s suit in tort will be precluded if recovery is allowable under the compensation statute, we will consider the alternative plea first
On this phase of the case it is obvious that the primary questions for our determination are (1) whether a business, such as farming, that is not hazardous per se under the provisions of the act, can be said to be brought within its purview because of the employment of motor vehicles in the transportation of farm laborers, and (2) whether an injury suffered during transportation to and from work in vehicles furnished by the employer can be said to arise out of and in the course of the employment.
There appears to be a conflict between the courts of appeal with respect to the first of these questions, the Court of Appeal for the Parish of Orleans holding that the transportation of workers in motor vehicles does make a business hazardous within the contemplation of the compensation statute, Crews v. Levitan Smart Shops, 171 So. 608; Comeaux v. South Coast Corporation, 175 So. 177; Franz v. Sun Indemnity Co. of New York, 7 So.2d 636, while the Court of Appeal for the First Circuit takes the view that it does not. Tregre v. Kratzer, 148 So. 271; Lewis v. A. Moresi Co., 196 So. 70. This court, it is contended, has never squarely passed on the question.
Ever since the decision of this court in the case of Haddad v. Commercial Motor Truck Co., 146 La. 897, 84 So. 197, 9 A.L.R. 1380, a business that is not specifically designated as hazardous in the act becomes hazardous if motor vehicles are used in connection with its operation, the court taking the position in. that cáse that the driving of such a vehicle not only involves the operation of an engine, which is specifically made hazardous by the act, but also that the entire vehicle must be regarded as a “machine,” which is ex- ’ pressly covered by the act. And, since ' i the decision of this court in Byas v. Hotel Bentley, Inc., 157 La. 1030, 103 So. 303, an employee who performs duties in both the hazardous and non-hazardous phases of the employer’s business is entitled to recover compensation regardless in which phase he was engaged at the time of injury, provided his duties bring him into contact with the hazardous features thereof.
As a result we have held that a cotton farm is brought within the purview of the compensation statute because of the use of *853 a borrowed hay cutter, Robinson v. Atkinson, 198 La. 238, 3 So.2d 604; that because of the operation of an automobile in the delivery of milk and of a tractor in farming operations, a farm-dairy becomes a hazardous business, Collins v. Spielman, 200 La. 586, 8 So.2d 608; and that the insurance business can be characterized as hazardous if it entails the operation of automobiles as a necessary incident thereof, Reagor v. First National Life Insurance Company, 212 La. 789, 33 So.2d 521.
It is. obvious, therefore, that if the use of motor vehicles for the transportation of laborers is a necessary incident to the business of raising and processing sugar cane, the employee is entitled to the protection of the compensation law even though 'he be employed in the so-cal'led agricultural end thereof.
We think the record unmistakably shows the transportation offered the laborers by the defendant in this case was an incident to the employment, in that it would not have been furnished but for the employment. Stated in another way, had the transportation not been furnished, the defendant would have been unable to get the necessary help to harvest its crop. The president and general manager of the defendant company made this plain when, during the course of his testimony, he stated that although no specific agreement about furnishing transportation to these field hands had been entered into, such transportation had been provided as a general practice (not only on his but all other sugar plantations so far as he knew) ever since the present management had owned the company.
. The first question posed hereabove, therefore, must be answered in the affirmative.
We find little difficulty in answering the second question in the affirmative also, for although this court has nevef directly passed on this question, the case of Farris v. Louisiana Long Leaf Lumber Co., 148 La. 106, 86 So. 670, apparently being about the closest we .have come to it, the general rule throughout the country is to the effect that “where transportation is furnished by an employer as an incident of or under the contract of employment an injury to or death of an employee which results while he is riding to or from work in a conveyance so furnished by the employer arises out of and in the course of the employment, within the meaning of the workmen’s compensation acts.” 145 A.L.R. 1033. See, also, Nesbitt v. Twin City Forge & Foundry Co., 145 Minn. 286, 177 N.W. 131, 10 A.L.R. 169, 21 A.L.R. 1223, 24 A.L.R. 1233, and Denver & Rio Grande Western R. Co. v. Industrial Comm., 72 Utah 199, 269 P. 512, 62 A.L.R. 1438, and the authorities therein cited and discussed.
The jurisprudence of the courts of appeal of this state, where the question has apparently arisen many times, is in - accord with this view in the main, recovery hav *855 ing been permitted on this theory in the comparatively recent case of Neyland v. Maryland Casualty Co., La.App., 28 So.2d 351, even though the employer in that case charged a nominal fare for the transportation of its employees.
Paraphrasing the language of the court in Swanson v. Latham, 92 Conn. 87, 101 A. 492, the work in the instant case began when the plaintiff reached the cane fields of Barrowza plantation, but the employment began when he boarded the trailer at his home in East Baton Rouge Parish, and continued during the trip and during the work and on the return trip to his home. Transportation to and from work was incidental to the plaintiff’s employment, hence the employment continued during the transportation in the same way as during the work. Plis injury, occurring during the transportation, occurred within the period of his employment, at a place where he had a right to be, and while he was doing something incidental to his employment because contemplated by it. His case, therefore, clearly falls within the construction that has been placed upon the terms of the statute “arising in the course of the employment,” which is another way of saying that it occurred during the time the plaintiff was required by the contract of employment to be about his master’s business rather than his own.
This brings up for our consideration the question of whether or not the plaintiff, at the time he sustained the injury, had departed from the course of his employment, as contended by the defendant, in that he was at the time on a mission of his own that had no causal connection with his employment.
We -do not believe this is borne out by the record. Albert Spears, who was one of the defendant’s principal witnesses, stated that when the truck driver drove off to' the side of the road and stopped, and he (Spears) saw the women fighting on the ground, he said: “Some of you men from Alsen (the plaintiff’s home) get out there and part those women before they hurts each other,” and that the plaintiff left the trailer in response to> this, sustaining the injury complained of. His testimony in this respect is corroborated by Eddie Middleton, defendant’s other principal witness, and the one whose testimony greatly impressed both the lower and the appellate courts. It is obvious, therefore, that the plaintiff did not jump from the truck through a mere sense of curiosity or on a mission of his own. He was, instead, carrying out instructions given for someone to get out and stop the women from fighting, not only to prevent them from hurting themselves, but also so that the truck might proceed about the employer’s business of taking these laborers to their homes. The case of Farris v. Louisiana Long Leaf Lumber Co., 148 La. 106, 86 So. 670, presents an analogous situation in this respect.
*857 This leaves for our consideration the extent of the plaintiff’s injury and the compensation that is to be paid him. While it is conceded by both plaintiff and defendant that the plaintiff, at the time of his injury was receiving a daily wage of $1.65 and the plaintiff alleges he was thus entitled to recover compensation at the rate of $6.44 for the duration of his disability, not exceeding four hundred weeks, beginning December 2, 1941, and the defendant has offered no evidence to countervail this, we think the evidence in the record as to the extent and duration of the plaintiff’s disability is too meager for us to fix the exact amount of compensation to which he is entitled, and, for this reason, we are remanding the case to the lower court in order that the trial judge may do so.
For the reasons assigned the judgment of the court of appeal and of the district court is annulled and set aside, and this case is ordered remanded to the district court for further proceedings consistent with the opinion we have rendered. All costs are to be borne by the defendant.
PONDER, J., concurs in part and dissents in part.
HAWTHORNE, J., dissents.
LE BLANC, J., recused.