GLADNEY, Judge.
The appeal in this case was lodged by the workmen’s compensation insurer of E. B. Murphy, the employer of plaintiff, Dan W. Miller, appellant being aggrieved by a judgment of the district court awarding workmen’s compensation for a period not to exceed four hundred weeks at the rate of Thirty-One and 20/100 ($31.20) Dollars per week, together with medical expenses. The principal issue tendered for our consideration is whether Miller’s injuries arose out of and in the course and scope of his employment.
Plaintiff was injured November 17, 1958, in an automobile accident while riding home from work as a passenger in a pick-up truck owned and driven by E. B. Dickson, a fellow employee. Murphy was operator of three sawmills situated in Chatham, Sikes and Winnfield. Chatham is some seventeen miles from Sikes and Winnfield about twenty miles from Sikes. Plaintiff lived at Sikes. Dickson was also living near Sikes and Murphy lived in Dodson, about ten miles away. Murphy maintained and operated the mills at each of the *583 three locations and it appears that when the supply of logs at one mill was limited, he would operate one of his mills at either of the other locations where logs were available. As a rule he employed and used the same men in all of his mills. He furnished transportation for the woods crew and also for those employees who lived near Dodson, using as a means of conveyance his own pick-up truck. The employees who lived in the vicinity of Sikes were transported to work at Chatham and Winnfield in a truck privately owned and operated by E. B. Dickson.
Miller, who was employed as an edger, testified he did not own an automobile and had no means of transportation to work at the mills in Winnfield and Chat-ham. When first hired plaintiff worked at the mill at Sikes, but when it was not operating and the scene of operations was moved to either of the other places Murphy told plaintiff he could ride with Dickson. At times when a ride with Dickson was not available, Murphy sent a car from Dodson to Sikes to pick up his employees and usually on such occasions Mrs. Murphy would bring them back to Sikes in the evening in a vehicle owned by Murphy.
The testimony indicates plaintiff without exception either rode with Dickson or in an automobile owned by Murphy. Murphy admitted he furnished gas and oil to Dickson for transporting his employees to and from work, and said he left up to Dickson the matter of getting the men to the mills.
The district judge, after thoroughly reviewing the testimony of the several witnesses, made this observation:
“A careful reading of the testimony indicates to the Court that at the outset there was no agreement of transportation because the men from Sikes were hired to work at the Sikes mill. When, however, the question of working the mills at Chatham and Winn-field arose the Court is convinced that Mr. Murphy told the employees that he would furnish transportation and in fact did arrange for Mr. Dickson to transport them. This conclusion is borne out not only by the testimony of the witnesses but by the fact that Mr. Murphy furnished transportation for all of his other employees when they worked away from home — the ones at Dodson were transported in his own truck or car and the ones in the woods were transported in Mr. Murphy’s truck. Also significant is the fact that Mr. Dickson went out of his way a distance of 9 miles twice each day in order to transport Mr. Sullivan to and from work and when Mr. Dickson could not come for some reason, either Mr. Murphy arranged for transportation or had his wife return the men to Sikes.”
As a general rule the provisions of the Workmen’s Compensation Statute, LSA-R.S. 23:1031, deny recovery in cases of accident when injury occurs before or after working hours. Hay v. Travelers Insurance Company, La.App.1958, 106 So.2d 791. There is, however, a well recognized exception to the above rule which permits recovery of compensation when the employee is being transported to or from work by means of transportation furnished or supplied by the employer as an integral part of the contract of employment. Callihan v. Fireman’s Fund Indemnity Company, La.App.1959, 110 So.2d 758.
A contract to furnish the employee with necessary transportation may be implied from an employer’s acts in tac-itly permitting an employee to ride to and from work on a conveyance used for some purpose in connection with the employment. Thomas v. Chickasaw Mill, Inc., La.App. 1945, 23 So.2d 701; Guthrie v. McGuffy, La.App.1950, 43 So.2d 482. Judge Janvier of the Orleans Court of Appeal in Neyland v. Maryland Casualty Company, et al., La. App.1946, 28 So.2d 351, 354, discussed the jurisprudence involving this legal principle, *584 and quoted approvingly from In re Donavan, 217 Mass. 76, 104 N.E. 431, 432:
“Petitioner contends that even if the evidence shows an agreement to furnish transportation it was not part of the contract of hire and therefore not an incident of the employment. Transportation may be incidental to the employment, however, even though it is only a collateral or subsidiary part of the contract of employment, or ‘something added to the principal part of that contract as a minor, but none the less a real, feature or detail of the contract’ * * *”
The Supreme Court first considered the question in Griffin v. Catherine Sugar Company, Inc., 1951, 219 La. 846, 54 So.2d 121, 124, which case involved the right to workmen’s compensation of a worker who was being transported to his home in defendant employer’s conveyance from the cane fields. The opinion stated:
"* * * The WOrk in the instant case began when the plaintiff reached the cane fields of Barrowza plantation, but the employment began when he boarded the trailer at his home in East Baton Rouge Parish, and continued during the trip and during the work and on the return trip to his home. Transportation to and from work was incidental to the plaintiff’s employment, hence the employment continued during the transportation in the same way as during the work. His injury, occurring during the transportation, occurred within the period of his employment, at a place where he had a right to be, and while he was doing something incidental to his employment because contemplated by it. His case, therefore, clearly falls within the construction that has been placed upon the terms of the statute ‘arising in the course of the employment’, which is another way of saying that it occurred during the time the plaintiff was required by the contract of employment to be about his master’s business rather than his own.”
Counsel for appellant relies strongly upon the case of Hay v. Travelers Insurance Company, supra, an opinion of this court which denied recovery to an employee who was injured while riding to work in an automobile owned and operated by a fellow employee. The decision turned upon facts which disclosed the vehicle in which Hay was riding was not furnished by and was not under the control of the employer, even though the employer operated a truck in which any of his employees could ride to or from work if they so desired. The facts as established disclosed Hay had selected the particular means of transportation merely as a matter of convenience to himself, and it had no causal relationship to the contract of employment. The circumstances herein are different. Miller had advised Murphy he was without means of transportation for work outside of Sikes and we do not doubt that if the employer had not furnished transportation, Miller could not have worked at the mills located at Chatham and Winn-field. Murphy, therefore, made the necessary arrangements for plaintiff’s transportation by Dickson, who was compensated by the employer through payment of his oil and gas bills. Also of importance is the fact that in instances where Dickson’s conveyance was not available, Murphy contrived to furnish his own vehicle. These facts show Miller was furnished transportation as an incident to his contract of employment. Accordingly, we hold plaintiff’s accident arose out of and in the course and scope of his employment.
A further objection is raised by appellant to the judgment of the trial court, it being argued the weekly compensation rate should be determined at Twenty-Six ($26.00) Dollars in lieu of Thirty-One and 20/100 ($31.20) Dollars. The larger amount awarded in the judgment is predicated upon a six-day work week and the smaller upon a five-day work week. The *585 injured workman is entitled to compensation at a rate of pay based upon the six-day week. Jarrell v. Travelers Insurance Company, 1951, 218 La. 531, 50 So.2d 22; Carrington v. Consolidated Underwriters, 1956, 230 La. 939, 89 So.2d 399; Neldare v. Schuylkill Products Company, La.App. 1959, 107 So.2d 487.
For the foregoing reasons the judgment from which appealed is affirmed at appellant’s cost.