HOOD, Judge.
Plaintiff, as the administrator of the estate of his minor son, Jerry Davis, instituted this action to recover damages for injuries alleged to have been sustained by his son while riding in a truck owned by Jerry’s employer, Leo Dubois. Defendant was the public liability insurer of the employer’s truck. The trial court rendered judgment in favor of plaintiff for $1,000 and defendant has appealed from that judgment. Plaintiff has answered the appeal demanding that the award be increased.
The evidence establishes that on June 24, 1959, while Jerry and a number of other workers were engaged in hoeing cotton on his employer’s plantation, in Natchitoches Parish, a rainstorm came up suddenly and ended the day’s work. The rain occurred about 3 :00 or 4:00 o’clock in the afternoon, which was prior to the time the farm laborers customarily quit work. Young Davis and his fellow employees who were then engaged in hoeing cotton left the field in which they were working to go to an abandoned house on the plantation for shelter. This abandoned house was near the place where they had been working so some of them walked to this shelter, while Jerry and about twelve other employees boarded their employer’s pickup truck which was in the field nearby, and a nephew of the employer proceeded to drive them to this house. While the truck was being driven the short distance from the cotton field to this abandoned house Jerry fell, was thrown out of or jumped from the truck and sustained the injuries for which he now seeks to recover damages. After falling or jumping from the truck, plaintiff’s son walked the rest of the distance to the shelter. The truck also stopped at this abandoned house, and the driver and all employees waited in or near that shelter until the rain abated. After the rain slacked up the employees then went to their employer’s home, which was located on the plantation, where they were paid their wages for the work they had done that day. Some of the employees walked from the shelter to the employer’s home, while others, including plaintiff’s son, boarded the truck and rode that distance. After being paid, Jerry Davis and some other employees then re-boarded the truck and were transported *29 a distance of several miles from the plantation to their homes.
The defendant resists plaintiff’s claim on the ground that the driver of the truck was not negligent and that plaintiff is barred from recovery because of contributory negligence on the part of his son. In the alternative, defendant contends that there is no liability on the part of defendant because of a clause in the insurance policy excluding the insurer from liability for bodily injury to any employee of the insured injured in the course of his employment, if benefits therefor are payable under any workmen’s compensation law.
The trial judge held that the driver of the truck was negligent, that plaintiff’s son was not barred from recovery by contributory negligence, and that the public liability insurance policy issued by defendant covered the injuries sustained by plaintiff’s son. It is not necessary for us to consider the conclusions reached by the trial judge as to negligence and contributory negligence, since we have concluded that plaintiff’s proper remedy is under the workmen’s compensation laws of this state, and accordingly this claim is specifically excluded from coverage under the policy issued by defendant.
The liability insurance policy covering the truck on which Jerry Davis was riding provides:
“Exclusions: This policy does not apply under Part I:
* * * >1= * *
“(e) to bodily injury to any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen’s compensation law, or (2) other employment by the insured.”
The Louisiana Workmen’s Compensation Act does not include farming in the list of hazardous employments specifically covered by the act. LSA-R.S. 23:1035. It is now settled, however, that a farming operation is considered a hazardous employment within the scope of the act if motor vehicles are used in connection with the farming operations. Haddad v. Commercial Motor Truck Co., 146 La. 897, 84 So. 197, 9 A.L.R. 1380; Robinson v. Atkinson, 198 La. 238, 3 So.2d 604; Collins v. Spielman, 200 La. 586, 8 So.2d 608; Griffin v. Catherine Sugar Co., 219 La. 846, 54 So.2d 121; Troquille v. Lacaze’s Estate, La.App. 2 Cir., 59 So.2d 505; Fontenot v. Fontenot, 234 La. 480, 100 So.2d 477.
In Griffin v. Catherine Sugar Co., supra, the employer operated a sugar plantation and used a truck and trailer to transport workers to and from work. Plaintiff in that case was injured while being transported from the plantation to his home. The injury occurred on a public highway several miles from the plantation. The Supreme Court held that plaintiff was entitled to recover under the workmen’s compensation law, since the transportation offered the laborers by defendant was incidental to the employment, even though plaintiff was employed in the so-called agricultural part of the operation. In that connection the Supreme Court said [219 La. 846, 54 So.2d 123] :
“It is obvious, therefore, that if the use of motor vehicles for the transportation of laborers is a necessary incident to the business of raising and processing sugar cane, the employee is entitled to the protection of the compensation law even though he be employed in the so-called agricultural end thereof.
“We think the record unmistakably shows the transportation offered the laborers by the defendant in this case was an incident to the employment, in that it would not have been furnished but for the employment. * * * ”
In this case it is apparent that a motor vehicle was used by the employer in con *30 nection with the cotton farming operations, and that the duties of plaintiff’s son required him to come in contact with this machinery. He, in fact, was riding in his employer’s truck when the accident which gave rise to this suit occurred. Plaintiff’s claim falls within the scope of the Louisiana Workmen’s Compensation Act, therefore, unless Act 222 of 1954, now LSA-R.S. 23:1045, excludes coverage in this case. That statute provides:
“This Chapter shall not apply to, and there is specifically excluded from the operation thereof, any agricultural employee while he is being transported to or from work, regardless of the means of conveyance or the ownership thereof, * * (Emphasis added.)
Plaintiff contends that Jerry Davis was “being transported * * * from work,” within the contemplation of the statute, and accordingly that he is excluded from the operation of the workmen’s compensation act. The trial judge apparently agreed with plaintiff in that contention, since he held that the “accident was covered by the policy of insurance.”
Since the enactment of Act 222 of 1954, of course, the workmen’s compensation act has not been applicable to injuries sustained under circumstances similar to those presented in Griffin v. Catherine Sugar Co., supra, where' the agricultural employee was injured after his day’s work had been completed, after he had left his employer’s premises, and while he was being transported on a public highway from work to his home.
In this case, however, the evidence establishes that the accident occurred while Jerry was being transported from the cotton field where he had been working to a place of shelter from the rain. It occurred before plaintiff’s son had left his employer's premises, before he had been paid his day’s wages (as was customarily done at the end of a day’s work), and prior to the time of day when the employees customarily quit working. Under those circumstances, it seems to us that Jerry was simply being transported from one part of the plantation to another during his working hours, that he was still subject to the control and direction of his employer, and that had the rain suddenly stopped the employer could have directed Jerry and the other employees to resume their work in the fields. Under the circumstances presented here, therefore, we conclude that plaintiff’s son was still “at work” at the time the accident occurred, and that he was not being “transported from work” within the meaning of LSA-R.S. 23:1045.
Since we are convinced that the injured employee in this case is or would be entitled to the benefits provided by the workmen’s compensation law of this state for the injury and disability which he may have sustained as a result of the above described accident, it necessarily follows that he is excluded from coverage under the public liability insurance policy issued by defendant which was in effect at that time covering the truck in which Jerry was riding. In our opinion the trial judge erred in holding that the accident was covered by that policy of, insurance.
For the reasons herein set out, therefore, the judgment appealed from is reversed, and judgment is hereby rendered in favor of defendant, rejecting plaintiff’s demands. All costs, including the costs of this appeal, are assessed to plaintiff.
Reversed.
On Application for Rehearing.
Rehearing denied, en Banc.