SAVOY, Judge.
This suit was instituted under the provisions of the Workmen’s Compensation Act of this state by the plaintiff, individually and as the natural tutrix of her minor children, for benefits resulting from the death of plaintiff’s husband and father of the minor children from injuries received in an automobile accident which occurred in the City of Lake Charles, Louisiana, at approximately 6:30 o’clock p. m. on July 25, 1960.
This suit was brought against Hartford Accident and Indemnity Insurance Company as the compensation insurer of the decedent’s employer. National American Insurance Company. Defendant-appellee filed a third party petition herein against Niagara Fire Insurance Company as the liability insurer of the tort feasor who caused the death of plaintiff’s husband. It was stipulated by counsel for all parties that in the event judgment was rendered in the instant case against defendant, that defendant would be entitled to a credit of $5,000 representing the amount which such third party defendant had previously paid plaintiff as the result of such accident, and said third party defendant was dismissed from these proceedings.
The sole issue in this case is whether the said decedent, James Cecil Hazel, was killed because of injuries received in an accident arising out of'and in the course of his employment. After a trial on the merits, the district court held that the decedent, James Cecil Hazel, was not killed in an accident arising out of and in the course of his employment within the meaning of the provisions of LSA-R.S. 23:1031. From this judgment plaintiff has appealed the instant case to this court.
The evidence shows that the decedent left his home at approximately 6:15 o’clock p. m. on the afternoon of July 25, 1960, and stated to his wife before leaving that he was to attend a meeting of the Southwest Louisiana Football Officials Association at the Calcasieu Parish School Board Office located at Ninth and Kirkman Streets in the City of Lake Charles, Louisiana, which meeting was scheduled for seven o’clock p. m. According to the witnesses in the instant case the purpose of the meeting was to distribute rule books for the coming football season and to discuss the rules for the *401 coming football season. The Southwest Louisiana Football Officials Association is comprised of approximately fifty persons who officiate at the high school football games in Southwest Louisiana. They served approximately 23 schools in 1959 and 1960. Decedent had been selected as Commissioner by the Association and approved by the high school football coaches to serve as the liason man and would schedule the officials for each game. For this service he received $5.00 from the respective schools in the Association for each home game scheduled in the season. Decedent earned during a football season between $400 and $600. Out of this he paid his car and other incidental expenses while away from home.
Wayne Kingrey, one of the members of the Association, stated that each year during the last of July a meeting of the Association was held for the purpose of distributing rule books and to discuss the rules for the coming football season; that on the afternoon of the fatal accident a meeting had been scheduled for the night of July 25th at seven o’clock and many of the officials of the Association were present awaiting for the decedent at the time of the fatal accident.
Counsel for plaintiff contends in his brief and in oral argument that on the night in question, a Mr. Willard Joseph Moss, who lived in Sulphur, Louisiana, had called the decedent to discuss a policy which had been issued by another agent of the company for which decedent worked for the reason that Mrs. Moss had been told by other parties that the insurance policy issued by the decedent’s employer was not stable and that since the premium was due within the next few days, he wanted Mr. Hazel to reassure his wife that the insurance policy was all right. Although Mr. Moss expected decedent to visit him that evening, he admitted, however, that the decedent never did tell him definitely that he would come that night.
O. S. Johnson, Jr., Secretary-Treasurer of the Southwest Louisiana Football Officials Association, testified that the meeting of July 25th was the organizational planning meeting for the coming year. This would tend to indicate that the plaintiff would spend considerable time at the meeting since he was the Executive Officer of the Association.
The trial judge found that it had not been established by the testimony of anyone with any degree of certainty that the decedent was going to be in Sulphur on the night of July 25, 1960. After an examination of the record, we agree with this conclusion.
The evidence shows further that the decedent was interested in athletics, having participated in various sports in high school and college; that the reason he participated in the affairs of the Southwest Louisiana Football Officials Association was because of his love for athletics and that his employment as Commissioner of the Association was motivated more by his love for the sport than using the Association as a means for selling, insurance, as contended by able counsel for plaintiff.
Decedent was a successful insurance man, engaged in many social and church activities. There was testimony to the effect that a large portion of an insurance salesman’s time is spent in contacting prospects for insurance.
Counsel for plaintiff stated in oral argument and in his written brief that a recent case decided by the Louisiana Supreme Court, namely, that of Green v. Heard Motor Company et al., 1954, 224 La. 1077, 1078, 71 So.2d 849, is directly in point with the instant case. Professor Wex S. Malone, in his work entitled “Louisiana Workmen’s Compensation Law and Practice,” Section 163 (Pages 38-40, pocket parts), had this to say about social activities for business purposes and about the case of Green v„ Heard Motor Company, supra:
“It is frequently difficult to determine when a salesman can be regarded as performing his duties. Sales promotion requires many activities which *402 are of a semi-personal or social character but which are nevertheless undertaken primarily for the purpose of furthering the employer’s business. In such cases the courts attempt to determine whether the dominant purpose of the undertaking was the business of the employer or the personal pleasure of the employee. If the former is the principal purpose, compensation will not be denied because of the fact that the salesman derived personal pleasure from the same undertaking. (Harkness v. Olcott-Stone Motors (1943) 203 La. 947, 14 So.2d 773.)
“In Green v. Heard Motor Co. (224 La. 1077, 1078, 71 So.2d 849) deceased, a car salesman, had visited the Spring-hill Trade School for the purpose of making contact with a prospective customer who at the time was absent, but whose return was expected. 'While waiting for the latter’s arrival, Green accepted an invitation to ride in an airplane with a third party. He was heard to observe that he had ‘just as soon try to sell him an automobile as anyone else.’ Green was killed when the plane crashed due to the intoxication of the pilot. Compensation was denied in the Court of Appeal (63 So.2d 178), but this was reversed by the Supreme Court. The opinion observed:
“ ‘Purchasers are influenced in part by intangible considerations, and it is commonly known that good salesmanship results from a combination of factors, among which are the creation of good will and the making of contacts. It therefore follows that an activity engaged in with the end in view to promoting good salesmanship is clearly a function arising out of a salesman’s employment.’
“In evaluating this statement it should be borne in mind that Green was admittedly waiting for a customer with whom negotiations for the sale of a car were pending at the time he accepted the invitation to ride. In a sense, therefore, he could be regarded as standing by when the accident occurred, and what has been said with reference to accidents during stand-by periods is pertinent here.
“The Green case certainly represents a liberal attitude toward the extent of the course of employment. Other jurisdictions, however, have witnessed even more extreme instances of recovery. See, for example, Harrison v. Stanton (26 NJ.Super. 194, 97 A.2d 687, affirmed 14 N.J. 172, 101 A.2d SS4) where an undertaker’s assistant was awarded compensation for injuries sustained while he was driving a babysitter to her home following a ball sponsored by the Optimists’ Club, and Adams v. East Pennsylvania Conference (49 Pa.Dist. & Co.R. 61) where a social-minded minister was compensated for an eye which was lost while he was deer hunting with members of his congregation.
“Where an employee who was being transported home from work in his employer’s conveyance was directed by the employer’s agent to dismount and separate two co-workers who were engaged in a fight, and was injured while so doing, the accident happened during the course of his employment. (Griffin v. Catherine Sugar Co., Inc. (1951) 219 La. 846, 54 So.2d 121).
This Court is of the opinion that the case of Green v. Heard Motor Company, supra, is distinguishable from the case at bar, in that in the Green case the decedent was actually about his business of selling automobiles, whereas, in the instant case, at the time of the accident and the tragic death of the decedent, the decedent was not killed in an accident arising out of and in the course of his employment within the meaning of LSA-R.S. 23:1031, for the reason that he was not engaged in an activity connected with the business of selling life insurance, but was on a mission *403 of his own, not connected with his employment, namely, a meeting of the Southwest Louisiana Football Officials Association, said meeting having been called for that particular night for the purpose of distributing rule books and explaining rules and other business in connection with the Association.
For the reasons assigned, the judgment of the district court is affirmed. Plaintiff is to pay all costs of this appeal.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.