148 So.2d 173 (1962)
Marion SOILEAU, Plaintiff-Appellant,
v.
Joe TYL, Jr., et al., Defendants-Appellees.
No. 689.
Court of Appeal of Louisiana, Third Circuit.
December 18, 1962.
Rehearings Denied January 17, 1963.
Dodd, Hirsch, Barker, Avant & Wall, by John L. Avant, Baton Rouge, for plaintiff-appellant.
Taylor, Porter, Brooks, Fuller & Phillips, by Tom F. Phillips, Baton Rouge, Stafford & Pitts, by John L. Pitts, Alexandria, for defendants-appellees.
Before TATE, FRUGE and SAVOY, JJ.
TATE, Judge.
The plaintiff Soileau files this suit to recover for personal injuries sustained while he was riding as a passenger in a pick-up truck owned and driven by the defendant Tyl. He sues several defendants in tort, and, alternatively, for workmen's compensation benefits.
*174 Both Tyl and Soileau were employed by the co-defendant Grayco Constructors, Inc. At the time of the accident, these employees were returning at the close of a day's work from a construction project to their employer's warehouse.
Soileau's principal demand asserted by this suit is to recover damages in tort from Tyl and Tyl's liability insurer, as well as from Grayco. Such recovery is sought upon allegations that Tyl's negligence caused the accident and that (as a basis of Grayco's liability) Tyl was at the time acting in the course and scope of his employment with Grayco.
The trial court dismissed the plaintiff's demands in tort against these defendants, and the plaintiff appeals.
Although Soileau's principal demand was rejected, however, he was awarded judgment for permanent and total disability upon his alternative demand for workmen's compensation benefits, which was asserted against Grayco and its compensation insurer. These defendants have themselves appealed, as well as having also answered the plaintiff's appeal, in order to request that the duration of the compensation be limited to a period ending four months after the last medical examination.

I. The Plaintiff's Tort Claim.

We find no error in the trial court's construction of the entire testimony of the plaintiff Soileau and the defendant Tyl that the accident occurred as follows:
The accident took place at about 6:00 P.M., after dark. The blacktopped road was in hilly country. It had been raining during the day, and the road was damp.
Tyl was driving at a reasonable rate of speed. Just before the accident, he was passed by a Buick automobile. Immediately after the Buick had passed Tyl, its driver suddenly applied its brakes because of some hogs which, at that time, were either in the road or just coming onto the road. Tyl then immediately applied his own brakes and consequently lost control of his pick-up truck, following which the vehicle left the road and hit a tree, as a result of which the plaintiff suffered his serious injuries.
The trial court found that the sole proximate cause of the accident was the sudden braking by the Buick immediately after it had passed the defendant Tyl, which sudden braking caused Tyl to lose control of his own vehicle when he applied his own brakes on the wet blacktop in response to the unexpected maneuver of the preceding car.
Although the question is close, we find no manifest error in the trial court's finding of fact based upon its evaluation of the witnesses and its construction of their sometimes self-conflicting testimony.
We further find no error of law in its holding that under these facts no negligence on Tyl's part contributed to the accident. "A driver who has just been passed is not negligent in failing to anticipate that the passing vehicle will suddenly cut in or stop in his immediate path, nor for being too close to the vehicle which has just passed him. Felt v. Price, 240 La. 966, 126 So.2d 330; Gorum v. Southwest Cas. Ins. Co., La.App. 3 Cir., 131 So.2d 336; Reeves v. Caillouet, La.App. 1 Cir., 46 So.2d 373. * * *" Broussard v. Savant Lumber Co., La.App. 3 Cir., 134 So.2d 369.
The trial court therefore correctly dismissed the demands in tort against Tyl and Grayco.
(Having reached this conclusion on the question of Tyl's negligence, we see no need to discuss the plaintiff's contention that the trial court was also in error in holding that the plaintiff's exclusive remedy against Grayco was for workmen's compensation, and in thus holding that the present demand in tort against Grayco was barred.)

II. The Plaintiff's Alternative Claim for Workmen's Compensation.

The evidence shows that Tyl and Soileau were working for Grayco at a job-site in *175 Pitkin many miles away from Grayco's warehouse in Alexandria. Under the employment contract, Grayco was obliged to furnish transportation from its warehouse in Alexandria to the work-site in Pitkin and back. Grayco paid Tyl $3.00 per day to transport both himself and Soileau back and forth from the job site.
Soileau's transportation to and from the work site was thus furnished by the employer as an integral part of the contract of employment; consequently, the employee Soileau is entitled to workmen's compensation benefits for injuries sustained while being transported to and from the work-site, since the accident thus arose out of and in the course of his employment. Griffin v. Catherine Sugar Co., 219 La. 846, 54 So.2d 121; Jagneaux v. Marquette Casualty Co., La.App. 3 Cir., 135 So.2d 794; Miller v. Indemnity Insurance Company of North America, La.App. 2 Cir., 121 So.2d 581; Callihan v. Fireman's Fund Indemnity Co., La.App.Orl., 110 So.2d 758.
As a result of the accident, Soileau suffered major multiple fractures of the upper sixty per cent of the bone (the humerus) of his upper right arm. Extensive surgical procedures, wiring, and bone grafts were necessary to effect a boney union of the multiple fragments of this arm; and extensive daily physiotherapy was necessary to restore some range of motion in the use of the arm. The medical expenses and hospitalization, mostly incurred at a Veterans Administration hospital, totalled almost seven thousand dollars.
When the note of evidence was concluded in December 1961, almost two years after the accident, the plaintiff was still totally disabled from performing the duties of his employment. Due to limitation in the motion of his arm and weakness residual from the accident, he was unable to perform without pain the duties of his former employment, and he was physically unable to work a full eight-hour day. (Actually, the normal work-day of his employment was an 11-hour day.)
Grayco contends that the trial court's award of compensation for total and permanent disability should be reduced to compensation for a period ending four months beyond October, 1961, the date of his last examination by Dr. Kingsley, an orthopedist.
This contention is based upon the testimony of Dr. Kingsley that he had noted a great improvement in the plaintiff's condition between that examination by him and the previous examination by him four months earlier. During much of this interval, of course, the plaintiff had been hospitalized and undergoing an extensive daily physiotherapy.
Although Dr. Kingsley freely admitted that the plaintiff was totally disabled as of his October examination, he also stated that, "Judging from the basis of previous improvement [during the preceding four months] and drawing an effective imaginary curve, I thought another four months would probably" (Tr. 271) result in an improvement in the plaintiff's position to the point where he could return to work with only a 13-15% permanent residual disability of the shoulder and arm (Tr. 276). However, this specialist also admitted that it was "problematical" (Tr. 274) that his expectation would be realized of such a continuing great improvement in the motion and usability of the arm and shoulder.
Such testimony falls far short of sufficiently establishing with any reasonable certainty any probable duration of disability so as to justify limiting the award under LSA-R.S. 23:1222 to one for a fixed number of weeks to be based upon the probable duration of disability. Guillory v. Southern Farm Bureau Cas. Ins. Co., 237 La. 374, 111 So.2d 314.
The trial court correctly awarded compensation for total permanent disability. "`Where a claimant is totally disabled at the time of trial, and the evidence does not indicate the duration of disability or is conflicting as to whether the disability is permanent *176 or temporary, compensation should be awarded for the maximum number of weeks, since the defendant employer is protected by the provision permitting revision of the judgment after six months should the disability terminate or lessen,'" Monk v. Louisiana Forestry Commission, La.App. 3 Cir., 124 So.2d 351, 353.
As stated in Cummings v. Albert, La.App. 1 Cir., 86 So.2d 727, 730: "`But the test is not whether a plaintiff in a compensation case is able to do light work, but is whether or not he is able to do the same work he was doing when injured, or similar work, and we are not to speculate on the time it would require for his recovery or in fact whether he would recover at all * * *.'"
See also: Aymonde v. State National Life Ins., La.App. 3 Cir., 138 So.2d 460; Vidrine v. American Employers Ins. Co., La.App. 3 Cir., 129 So.2d 284; Vidrine v. American Employers Ins. Co., La.App. 3 Cir., 129 So.2d 288; Schram v. Lake Charles Ready-Mix, Inc., La.App. 3 Cir., 125 So.2d 213.
Alternative to his appeal from the dismissal of the tort suit against Grayco, the plaintiff contends that Grayco's refusal to pay workmen's compensation benefits was arbitrary, so that the plaintiff is entitled to penalties because of this arbitrary refusal to pay compensation undoubtedly due. LSA-R.S. 22:658.
We affirm the trial court's refusal to award such penalties under the circumstances of this case.
We agree with the plaintiff-appellant that Grayco would be frivolous to assert that the plaintiff was not entitled to workmen's compensation under the facts of this casebut the plaintiff himself has vigorously asserted from the institution of this suit up through this appeal that his injury was not sustained in the course and scope of his employment with Grayco, and that therefore he was entitled to receive from Grayco one hundred thirty thousand dollars damages in tort instead of any compensation benefits. The plaintiff's argument is forceful that the defendant compensation insurer brought on this tort suit by arbitrarily refusing to pay workmen's compensation benefits; nevertheless, we are unwilling to hold that the defendant insurer should be penalized for the non-payment of compensation to the plaintiff, when the plaintiff himself by his formal principal demand in this suit contended that the injury was not compensable under the workmen's compensation act, and asserted a claim for workmen's compensation only in the alternative.

Decree.
For the foregoing reasons, the judgment of the district court is affirmed. The costs of the plaintiff Soileau's appeal are assessed against him; the costs of the separate appeal by Grayco and its compensation insurer are assessed against these defendants.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.