HARDY, Judge.
This is an action ex delicto in which plaintiff claims damages for personal injuries against the automobile liability insurer of his employer. From judgment rejecting plaintiff’s demands he prosecutes this appeal.
The facts were established on trial without substantial dispute. Plaintiff was a farm laborer employed by one P. O. Shaver, a contract hay harvester, and on the day of the accident had been engaged in labor in connection with the cutting and baling of hay at a location several miles north of Grand Bayou in Red River Parish. Plaintiff’s particular duties required him, pri *730 marily, to load baled hay from the field onto a flat bed truck owned by his employer and unload the bales from the truck into designated storage barns. After the last load of hay was unloaded on the day of the accident, plaintiff seated himself on the front fender or hood of the hay truck which was driven back to the hay field. The driver stopped the truck on a slight slope near the rear of another truck belonging to Shaver, and as he alighted from the truck the vehicle rolled into the rear of the other truck, pinning one of plaintiff’s legs between the two vehicles and inflicting the injuries for which recovery is sought.
The defense is lack of coverage based upon the customary exclusionary clause of the policy of insurance, reading as follows:
“This policy does not apply:
* % * * * *
“(d) under Coverage A, to bodily injury to * * * any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen’s compensation law, or (2) other employment by the insured;
******
“(f) under Coverage A, to bodily injury * * * of any fellow employee of the insured injured in tthe course of his employment if such injury arises out of the use of an automobile in the business of his employer but this exclusion does not apply to the named insured with respect to injury sustained by any such fellow employee.”
In answer to this defense it is contended on behalf of plaintiff that he had finished his work for the day at the time of the occurrence of the accident, and, therefore, was not an employee of Shaver, the defendant’s insured, under the exclusionary clause of the policy as above noted. We view this argument as being extremely technical for in order to sustain its validity it would be necessary to hold that when plaintiff removed his hands from the last bale of hay which he had unloaded from the truck the duties of his employment terminated for the day. In addition to the very doubtful logic of this conclusion, it is pertinent to note other factors which must be taken into consideration. The record does not establish the fact that although Whitaker had completed the particular work which had been designated, he was thereby relieved from other duties which might have been assigned by his employer and which he would have been required to perform before leaving the premises. It is also established when Whitaker returned to the hay field on the truck which he had been engaged in unloading it was for the purpose of obtaining transportation in another vehicle for the return trip of several miles to his home neighborhood.
In support of his judgment, the district judge assigned written reason and relied upon the authority of Davis v. Grain Dealers Mutual Insurance Co. (3rd Cir., 1961, writs denied), La.App., 128 So.2d 27. In considering a somewhat similar state of facts involving the same defense predicated upon an identical exclusionary clause of a policy of liability insurance, the opinion in the cited case concluded that plaintiff’s proper remedy was under the workmen’s compensation laws of the State and the claim under consideration was specifically excluded from coverage under the policy issued by the defendant.
In connection with our approval of the above authority and the reasons expressed, we call attention to the fact that the record before us contains the evidence of a compromise settlement agreement under the Workmen’s Compensation Law of the State in which the plaintiff represented that the accident which is the basis of this suit occurred while he was engaged in the course and scope of his employment.
The inequity resulting from plaintiff’s irreconcilable contentions in the two suits is obvious and inescapable. Plaintiff has al- *731 Teady recovered m a workman’s compensation settlement on the basis of his representation that he was engaged in his employment, and he now seeks by this action to recover in tort on the basis of his contention that the accident occurred at a time ■when he was not engaged in performing the duties of his employment.
The court would be justified in sustaining the position taken by plaintiff in this suit •only if the evidence was absolutely convincing on the point that he was not within the duty of his employment at the time ■of the accident. The record on this point not only fails to convince, but, to the contrary, clearly confirms the opinion that the •employment status had not terminated at the time of the occurrence of the accident.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.