200 So.2d 84 (1967)
Katie Darville HARRIS et al., Plaintiffs-Appellants,
v.
HYMEL STORE CO., Inc. et al., Defendants-Appellees.
No. 7060.
Court of Appeal of Louisiana, First Circuit.
May 29, 1967.
As Corrected on Denial of Rehearing June 30, 1967.
Eldon E. Fallon, of Kierr & Gainsburgh, New Orleans, for plaintiffs-appellants.
Theo. F. Cangelosi, John Schwab and Robert L. Cangelosi, Baton Rouge, for defendant-third-party plaintiff-appellant and appellee.
Robert J. Vandaworker, of Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, *85 for Southern Farm Bureau Cas. Ins. Co., defendants-appellees.
Before ELLIS and BAILES, JJ.
BAILES, Judge.
This is a tort action brought by plaintiffs against their employer, Hymel Store Co. Inc. (Hymel), owner of the truck in which plaintiffs were passengers; Southern Farm Bureau Casualty Insurance Company (Southern Farm), which was Hymel's automobile public liability insurer, and Ernest Cutno, driver of the other vehicle involved in the collision in which plaintiffs were injured.
The companion case of Darville et al. v. Southern Farm Bureau Casualty Insurance Company et al., La.App., 200 So.2d 89, was consolidated for the purpose of trial in the lower court and for hearing before this court, and while the reasons assigned for judgment in this case will control the disposition of the consolidated case, separate judgment will be rendered therein.
Plaintiffs allege that while riding as passengers in a pickup truck owned by Hymel and driven by its employee (not a party to this proceeding) on October 29, 1964, they were injured in a collision between the Hymel truck and an automobile driven by Cutno. They allege that the accident was caused by the combined actionable negligence of both Hymel's employee-driver and Cutno in certain alleged particulars, and that Hymel's driver was acting within the course and scope of his employment at the time of the accident.
Southern Farm responded to the petition of plaintiffs by filing a peremptory exception and a motion for summary judgment. We set forth this pleading below.
"1. At the time of the accident sued upon, all of the occupants of the truck owned by Hymel Store Company, Incorporated, including the plaintiffs or the individuals allegedly represented by plaintiffs, were employees of Hymel Store Company, Incorporated, who were in the course of their employment for Hymel Store Company, Incorporated.
"2. The comprehensive automobile liability policy issued by this defendant to Hymel Store Company, Incorporated, contained an exclusion reading as follows:
`This policy does not apply:
(a) * * *;
(b) under coverage A, to bodily injury * * * of any employee of the insured arising out of and in the course of * * * employment by the insured;'
"3. Under the circumstances, the plaintiffs have no cause of action against this defendant and this defendant is entitled to a summary judgment.
"WHEREFORE, this defendant prays that the plaintiffs' suit be dismissed at their costs."
Additionally, Southern Farm filed requests for admission of facts against all plaintiffs which we will discuss more fully hereinafter.
Defendant Hymel filed an answer to the plaintiffs' demands and also filed third party petition against Southern Farm, as its automobile liability insurer, and against Employers Mutual Liability Insurance Company of Wisconsin, as its workmen's compensation and employer's liability insurer. In response to Hymel's third party petition, Southern Farm filed a peremptory exception and a motion for summary judgment identical to the exception and motion for summary judgment which it filed in response to the plaintiffs' petition. Additionally, Southern Farm urges as a ground for the peremptory exception that under the terms of its contract (policy of insurance) with Hymel, the latter does not have the right to implead it, Southern Farm, as a third party defendant in this proceeding. However, in view of our ruling herein on the motion for summary judgment, it is not *86 necessary for us to pass on this latter ground for the peremptory exception.
Southern Farm requested the following admission of facts of the plaintiffs, to-wit:
"That each of you or the person you purportedly represent in this suit was, on the day of the accident sued upon, an employee of Hymel Store Company, Incorporated, and, at the time of the accident sued upon, was being transported by Hymel Store Company, Incorporated, from the place where the services had been performed for Hymel Store Company, Incorporated, in a vehicle owned by Hymel Store Company, Incorporated, pursuant to an oral contract of employment under which Hymel Store Company, Incorporated, would furnish transportation to its employees to and from the premises of Hymel Store Company, Incorporated."
Each of the plaintiffs filed identical responses to the request for admission of facts by Southern Farm, their response being:
"Plaintiff denies the truth of the statement in the request for admission. However, plaintiff admits that on the day of the accident herein sued on she was employed by the defendant, Hymel Store Company, Inc., and at the time of the accident sued upon was being transported by Hymel Store Company, Inc., from the place where the services had been performed for Hymel Store Company, Inc., in a vehicle owned by Hymel Store Company, Inc. However, plaintiff denies that such transportation was being rendered to her pursuant to an oral contract of employment by Hymel Store Company, Inc. or that she was in the course and scope of her employment at the time of the accident herein sued upon."
Hymel filed an affidavit of its president, James I. Hymel, in opposition of the motion for summary judgment in which affidavit it was stated that the plaintiffs were employed by Hymel to assist in the cutting of cane in the field, that when plaintiffs were employed no contract or agreement was made whereby Hymel was obligated to furnish transportation to and from work to the plaintiff, but that they were to provide their own transportation; that thereafter the plaintiffs informed Mr. Hymel that the truck in which they were planning to ride to and from work had broken down and that they needed transportation. As a favor to the workers, Mr. Hymel authorized his driver to pick up these workers and return them to their homes after the day's work had been completed.
On the evidentiary basis outlined above, the matter was submitted to the trial court. The trial court ruled that, "plaintiffs were clearly still within the course of their employment", and granted the motion for summary judgment and dismissed plaintiffs' action against Southern Farm, at their costs. From this adverse judgment, plaintiffs have appealed. We find the trial court was in error in holding the plaintiffs were injured out of and in the course of their employment by the insured, Hymel. The judgment appealed from is reversed and this matter remanded for further proceedings not inconsistent with our holding herein.
Plaintiffs assign the following specification of errors to the judgment of the trial court.
"1. The trial court erred in granting the summary judgment in favor of Southern Farm when the only evidence in the record showed that there was a genuine issue as to a material fact, that is, whether the plaintiffs were still employed by Hymel Store at the time of the accident sued upon.
"2. The trial court erred in finding that plaintiffs were acting within the course and scope of their employment at the time of the accident sued upon, when the only evidence in the record was to the contrary."
Apparently the trial court fell into error through its belief that plaintiffs were afforded coverage under the Louisiana Workmen's Compensation Act, LSA-R.S. 23:1021 et seq. As this accident occurred on October 29, 1964, the workmen's compensation rights of the plaintiffs are controlled *87 by LSA-R.S. 23:1045, which provides:
"This Chapter shall not apply to, and there is specifically excluded from the operation thereof, any agricultural employee while he is being transported to or from work, regardless of the means of conveyance or the ownership thereof, * * *
"All rights of employers and employees in tort are reserved to the parties. Added Acts 1954; No. 222, § 1." (However, we should add that by Act 86, § 1, of 1966, the above quoted provision was repealed and deleted from the revised statutes of this state.)
Under the admission of facts filed by the plaintiffs and the affidavit of Mr. James I. Hymel, president of Hymel, there is actually no genuine dispute between the parties as to a material fact involved. We have before us herein the determination, as a question of law, of whether the plaintiffs were within the course of their employment by Hymel at the time they were injured in the subject accident.
The case which the trial court found to be controlling of this question was Griffin v. Catherine Sugar Company (1951) 219 La. 846, 54 So.2d 121. There was at that time no statutory exclusion of workmen's compensation coverage, as there was in 1964. Therein the plaintiff, Griffin, had sued the defendant, Catherine Sugar Company, in tort (and alternatively for workmen's compensation) for an injury he received when he alighted from the truck in which he was being transported to his home after completing his work-day for defendant. The Supreme Court held that an injury suffered during transportation to and from work in vehicles furnished by the employer arises out of and in the course of the employment, and plaintiff was held entitled to workmen's compensation.
In argument, much stress is made of the fact that plaintiffs ordinarily furnished their own transportation and that this was not a condition of the employment that Hymel was to furnish transportation. We do not see that this is controlling of the issue. The fact is that the plaintiffs were hired to cut cane in Hymel's cane field for a certain price per acre, or other unit of compensation. No other service, duty or job-connected performance whatever was required of these workmen. It could make no material difference herein if Hymel had contracted to transport plaintiffs to and from work. They were not paid unless they cut cane in the field. Nothing more was expected or demanded of plaintiffs.
A liberal construction or interpretation was employed by the court in Griffin v. Catherine Sugar Company, supra, justifiably because of the applicability of the workmen's compensation law to the circumstances; however, in the instant case, there is no compensation coverage because of the express statutory exclusion. As this is an action in tort, we find the language of the court in the case of La Borde v. McBride (La.App.1959) 112 So.2d 319, expressive of the construction that should be placed on the term "arising out of and in the course of employment by the insured."
The court stated:
"We find it well settled that the very liberal construction given to the term `course and scope of employment,' which is to be found in various workmen's compensation cases, is not accorded to the same term where there is involved a question of liability in tort. We discussed this at considerable length in Gallaher v. Ricketts, La.App., 191 So. 713, 715, and having discussed various cases in which compensation was awarded to an injured employee, we said:
`* * * we have no difficulty in seeing the distinction between all of those cases, most of them having arisen as the result of suits for compensation where the employee himself was injured. That there is a different rule in such cases is well established.'
*88 "We cited Marquez v. Le Blanc, La.App., 143 So. 108, 112, in which we said:
`* * * The main reason for a lack of satisfactory consistency in the jurisprudence on this subject comes from the fact that in compensation cases the courts have adopted a liberal construction in favor of the claimant where the defense was that the relation of employer and employee did not exist between the parties due to the fact that the claimant was working for an independent contractor. But in actions ex delicto for personal injuries and damages the courts apparently have adopted a strict interpretation and construction of the rule of respondeat superior. This situation is apparent from a reading of several compensation cases, * * *.'
"Then, citing decisions in tort liability cases, we said:
`* * * we feel that we are compelled to follow the decisions with reference to the damage suits, rather than the compensation cases.'"
Obviously it was the intention of the legislature to reserve to the injured persons, in cases such as the one before us herein, the right to have their claims adjudged on the basis of our tort law, because this reservation was expressly made in LSA-R.S. 23:1045, supra.
Also in the case of Wills v. Correge (La.App.1963) 148 So.2d 822, the court said:
"While Article 2320 (LSA-Civil Code) makes employers liable, under the doctrine of respondeat superior, for the damage occasioned by the fault of their employees `in the exercise of the function in which they are employed', that phrase is a codal expression of the usual `in the course and scope of employment', and it is well settled that the very liberal construction given to the latter phrase in various workmen's compensation cases is not followed in tort cases for personal injuries and damages where the courts have adopted a strict interpretation and construction. La Borde v. McBride, La.App., 112 So.2d 319; Gallaher v. Ricketts, La.App., 191 So. 713; Marquez v. Le Blanc, La.App., 143 So. 108.
"The general rule is that an employee, in going to and from his place of employment, is not considered as acting within the scope of his employment to such an extent as to render his employer liable to third persons for the employee's negligent acts. (cited cases omitted) This is true even when the vehicle used for transportation by the employee is owned and furnished by the employer except where there is some distinguishing and additional fact which causes such travel to benefit or serve the employer or his business. (cited cases omitted)."
It cannot be seriously argued that if this were a case involving the negligent act of the plaintiffs which injured some third party that it would be held that the plaintiffs were acting within the course and scope of their employment under the general tort law of this state. Under the general rule, as enunciated above, we must find that the plaintiffs were not injured in the course of their employment by the insured.
See Johnson v. Northern Assurance Co. of America, La.App. (1967) 193 So.2d 920.
For these reasons, the judgment of the trial court granting summary judgment in favor of defendant, Southern Farm Bureau Casualty Insurance Company, and against plaintiffs, with prejudice, is reversed; and the judgment of the trial court granting summary judgment in favor of third party defendant, Southern Farm Bureau Casualty Insurance Company, and against third party plaintiff, Hymel Store Co. Inc., with prejudice, is reversed; and this matter is remanded to the trial court for further proceedings not inconsistent with this opinion. Defendant, Southern Farm Bureau Casualty *89 Insurance Company, is condemned to pay all court costs incurred in connection with the motion for summary judgment.
Reversed and remanded.
LANDRY, J., recused.