TATE, Judge
(dissenting).
The trial court determined in a well-considered opinion that the present employee’s trip when transferred from Arkansas to Louisiana was in the course and scope of employment. The majority reverses. I respectfully dissent.
My dissent will not be primarily grounded on the majority’s rejection of testimony accepted by the trier of fact. This was to the effect that the employer had paid the gasoline expenses of the trip and that the employee was proceeding home as a result of an express agreement to furnish transportation. (If so, as the majority concedes, the employee is undoubtedly protected by the Louisiana compensation act. Griffin v. Catherine Sugar Co., 219 La. 846, 54 So.2d 121; Soileau v. Tyl, La.App. 3d Cir., 148 So.2d 173; O’Brien v. Traders & General Ins. Co., La.App.- 1st Cir., 136 So.2d 852.)
For even if the employer did not specifically pay for the gasoline for the trip home, I think the circumstances of this employment relationship indicate that the employee Sonnier was where he was at the time and place of the accident in the interests, essentially, of his employer.
The following principles apply:
An employee covered by the Louisiana statute is entitled to receive workmen’s compensation if disabled “by accident arising out of and in the course of his employment.” LSA-R.S. 23:1031. In Kern v. Southport Mill, 174 La. 432, 141 So. 19, 21 (1932), a leading case, our Supreme Court stated that, for purposes of the workmen’s compensation act, (a) “an accident occurs *619 in the course of an employment when it takes place during the time of such employment”, and (b) it arises out of the employment when it is “the result of some risk to which the employee is subjected in the course of his employment to which he would not have been subjected had he not been so employed.” (Italics ours.)
Non-employment activities during which injuries are sustained may be protected by the compensation act if such activities are “reasonably with the scope of those things contemplated” by the employment. Edwards v. Louisiana Forestry Commission, 221 La. 818, 61 So.2d 449, 454. Personal activities may be within the course and scope of the employment if at least partially performed for the employer’s benefit. Green v. Heard Motor Corp., 224 La. 1077, 71 So.2d 849; Harkness v. Olcott-Stone Motors, 203 La. 947, 14 So.2d 773.
Sonnier’s employer, Choupique Ranch, had previously transported him and his family to an Arkansas site from his Louisiana post and then several months later furnished the transportation for the wife and furniture home to Louisiana. In the employer’s interest, Sonnier remained in Arkansas another month; he was injured en route to report for work at the Louisiana site of his employer’s holdings.
By splitting up the Arkansas and Louisiana employments, the majority avoids the effect of the continuing relationship over the years.
Sonnier had skills unusually useful to an employer in Choupique’s business, being both a bulldozer operator and a welder. To retain his services, Choupique furnished him a rent-free home during the entire year (which was still Sonnier’s at the time of the accident). It transported him and his wife and furniture from Louisiana to Arkansas when it needed him there, it transported his wife and most of his furniture back to Louisiana when she became dissatisfied (Sonnier remaining to help out his employer in Arkansas), and it had secured employment with him in a related enterprise (managed by the same family as owned Choupique) pending the arrival back in Louisiana of the bulldozer Sonnier operated for Choupique in its Arkansas and Louisiana operations.
The whole continuous relationship is one by which Sonnier’s moves to and from Arkansas were reasonably within the scope of employment rather than of purely personal activities. He was exposed to the hazards of travel between employment sites by reason of his continuing relationship with Choupique as an employer. The move to Arkansas was solely for Choupique’s benefit; the move back was the concluding portion of this Arkansas service, as well as being for Choupique’s benefit as well as Sonnier’s.
Sonnier’s ordinary everyday activities up in Arkansas did not subject him to unusual risk such as to be within the employment relationship. However, the hazards of the trip back constituted an out-of-ordinary risk to which he was subjected because of his employment relationship. His employer should be responsible for injuries incurred during exposure to this extraordinary risk, employer-directed and for the employer’s benefit in order to retain Sonnier’s unusual skills in its employment.
I therefore respectfully dissent from this reversal of the trial court.
Before TATE, FRÜGÉ, SAVOY, HOOD and CULPEPPER, JJ.
An Application for Rehearing.
En Banc. Rehearing denied.
TATE, J., dissents for reasons assigned in his dissent to the original opinion.