HOFFPAUIR, Judge ad hoc.
This suit was originally filed by husband and wife as an action in tort to recover for injuries sustained by the wife as she stepped off a tractor-trailer driven hy her employer and to recover for wages lost and' expenses paid by the husband. An exception of no right and no cause of action was filed and. sustained by the trialjudge, whereupon plaintiff filed, a supplemental petition converting the action, alternatively, *141 into a claim under the provisions of the Louisiana Workmen’s Compensation Statute, LSA-R.S. 23:1021 et seq. The petition seeks to recover for the wife workmen’s compensation payments for total permanent disability at the rate of $11.70 per week.
The trial judge being of the opinion that plaintiff had failed to establish their case under the Workmen’s Compensation Statute, dismissed their demands. A devolutive appeal has been taken to this court by both plaintiffs.
Paragraph 2 of plaintiffs’ original petition reads as follows:
“That the said Frank Pizzolato is engaged in the cultivation of sugar cane; that your petitioner Ophelia Gibbs, was employed by the said Frank Pizzolato, as a cane cutter for the 1949 cane harvest; that as part of the employment it was agreed that the said Pizzolato would transport said petitioner from Donaldsonville, La. to the cane field and back therefrom to Don-aldsonville, La.”
Linder the above quoted allegation of plaintiffs’ petition the transporting of the plaintiff, Ophelia Gibbs, was not only an incident to the employment but was actually a part of it. The general rule under the Workmen’s Compensation Law is that an injury suffered by an employee away from his employer’s premises, while going to or returning from work, does not arise out of the employment. However, this rule is subject to a notable exception, that is, where the employer furnishes the means of transportation and which becomes an integral part of the employment. Neyland v. Maryland Casualty Co., La.App., 28 So.2d 351; Comeaux v. South Coast Corporation, La.App., 175 So. 177.
Under the allegations of plaintiffs’ original petition in this suit we are of the opinion that the action should have been brought under the Workmen’s Compensation Law and not in ■ tort, and the trial court’s sustaining the exception of no right of action is correct.
In the judgment of the lower court the plaintiffs were granted a delay to amend and supplement their petition and assert their rights under the Workmen’s Compensation Law. A general denial was entered by the defendant. The record is congested with contradictory and conflicting testimony and we do not think it necessary to review it at length here. We think the record is clear, however, in establishing that the plaintiff, Ophelia Gibbs (hereinafter reference to plaintiff will be considered Ophelia Gibbs), was employed by defendant, Frank Pizzolato, and that she was injured as she stepped from a tractor-trailer being driven by the employer and being used at the time to transport the employee' from work to home. It is admitted by defendant that he had employed plaintiff during the cane harvesting season to cut sugar cane in the field. Plaintiff alleged that as a part of the employment defendant agreed to transport her from her home in Donaldsonville to work in the fields and back again each day. The defendant testified in his behalf but did not deny this allegation. We think the plaintiff has established by a preponderance of the evidence the nature of the employment and the transportation as an incident to that employment which defines defendant’s occupation as hazardous within the meaning of the Workmen’s Compensation Law. Furthermore, it is not seriously contested that plaintiff was involved in an accident as she stepped from the trailer as it stopped to allow her to depart. It seems that she stepped down from the trailer, one foot , being on the ground and one remaining on the trailer when it began to move throwing her against its body causing her injuries. In plaintiff’s own language the accident is described as follows:
“I had my left foot in the tractor, in the wagon, and this one was out hanging on the tire. They had a ‘stob’ up there. When I seed I was gonna fall, I throwed my arms around the ‘stob’ to keep from falling on the tire. But the tire was going and -my leg was dragging. Someone tried .to grab me. I hollored for him to .stop and still he *142 ■was driving. And when he pulled out to drive the first time, he struck me. And then he killed dead.- When the woman hollored, to him, he killed dead, and he struck me again in the same place.”
Plaintiff is corroborated by other witnesses who were riding in the trailer. We think, therefore, that she has established that she was injured and while being transported from work to her home. In view of the jurisprudence cited above there is no question that plaintiffs injury did arise out of and was within the scope and course of her employment. Defendant, therefore, is. Habile for the workmen’s compensation payments to which she is entitled as a result of any disability arising out of the accident.
In respect to the disability, the record is not as clear as we would like to have it. In fact, it is replete with conflicting and contradicted testimony. Dr. Percy Henri LeBlanc testified that he examined the plaintiff on or about November 14, 1949 and found her suffering from a pain in her chest which she states she had received as a result of an accident the day before. He found no fractures but immobilized the area. He saw her on several occasions after that day, the last being January 18, 1950, at which time he was of the opinion that she had recovered from the accident with no further disability existing. He stated that she had some disability in her left ankle at that time but he considered it the effect of arthritis and not an injury. Dr. E. A. Schexnaydre testified that he had examined the plaintiff a few weeks before the trial. He states that he found no disability as a result of any injury but that she was not able to perform any work due to high bloo'd pressure which she had had for some years.- Several lay witnesses testified as to her disability but it is contradictory and most unsatisfactory and will not be considered by the court.
Nevertheless, we believe that the plaintiff has shown that she has suffered a temporary disability for a brief period and for which she is entitled to compensation payments. In addition, a medical bill in the amount of $31 has been established for which defendant is liable. ‘ Plaintiff alleges that she was employed at the wages of $3 per day for six days a week. The evidence is not clear as to exactly how many days each week she worked for the defendant. The week in which she was hurt she states that she worked for three days and was paid $9.15. Defendant testified that she worked occasionally for him and he ’ paid her $3.05 per day. Both the plaintiff and the defendant testified that she had been hired by other employers during the same period, in fact, she had worked for another employer the week in which she was hurt. She does not know whether the $9.15 that she received during the week of her injury was paid by the defendant or apportioned among other employers.
Defendant further testified that there was no contract with plaintiff regarding her employment with him. Walls v. Solvay Process Co., La.App., 21 So.2d 109, 111:
“The compensation of an injured employee is based on the daily rate of pay at which the services of the employee are recompensed at the time of the injury, but the compensation is to be paid on a weekly basis. Rylander v. Smith & Son, Inc., 177 La. 716, 149 So. 434. * * * Unless there was some special agreement in the contract of hiring the number of days to be counted in a normal week is six, re'gardless of whether or not the employee works regularly for the full ten hours or the full six days. Ricks v. Crowell & Spencer Lumber Co., La.App., 189 So. 466; Ogea v. W. Horace Williams Co., La.App., 165 So. 345.”
In view of the above we believe plaintiff is entitled to the benefits based upon an average six day week at $3 per day, sixty-five per cent of which amounts to $11.70 for the period of ten weeks.
Defendants have asserted in brief that since there were several employers the payment by defendant should be appor *143 tioned in accordance with LSA-R.S. 23: 1031, and cites in support of this contention the case of Hatch v. Kilpatrick, La.App., 142 So. 202. This contention is not well founded. The employers of plaintiff had not hired her for the same type of work; in one instance she was hired to pick potatoes, and she was not under the joint control nor paid hy them jointly. It is evident that she worked for several employers, but not in connection with their joint enter-prize. The facts here distinguish this case from the Hatch case and are such as not to make applicable the provisions of the Statute cited above.
For the reasons assigned, the judgment of the lower court is reversed insofar as it dismisses plaintiff’s demands and judgment is accordingly rendered in favor of the plaintiff, Ophelia Gibbs, and against defendant, Frank Pizzolato, for temporary total disability and awarding her compensation payments for a period of ten weeks at the rate of $11.70 with legal interest on all past due amounts from their maturity, and the amount of $31 for medical expenses.
It is further ordered that defendant pay all costs.
Judgment reversed.