110 So.2d 758 (1959)
Carl J. CALLIHAN
v.
FIREMAN'S FUND INDEMNITY COMPANY.
No. 21309.
Court of Appeal of Louisiana, Orleans.
March 30, 1959.
Rehearing Denied April 27, 1959.
*759 Reuter & Reuter, New Orleans, for plaintiff and appellant.
Porteous & Johnson and Parnell J. Hyland, New Orleans, for defendant and appellee.
McBRIDE, Judge.
This is a claim made under the provisions of the Louisiana Workmen's Compensation Statute, LSA-R.S. 23:1021 et seq. Plaintiff, a resident of New Orleans, was in the employ of Henry J. Kaiser Construction Company, which was performing certain construction work at Gramercy, St. James Parish, Louisiana. Plaintiff used his own automobile to transport himself between New Orleans and the situs of said construction work.
On November 13, 1956, while he was returning to New Orleans from the construction site where he had completed his day's work, plaintiff's automobile collided with another vehicle as a result of which he sustained certain injuries which totally disabled him for a period of seven weeks from performing his occupational duties and occasioned the expenditure of certain medical expenses by plaintiff.
By means of this suit plaintiff is attempting to recover from the compensation insurance carrier of the employer workman's compensation for seven weeks at the rate of $35 per week, plus $502 representing medical expenses; plaintiff also claims 12% of said amounts as penalties under the allegation that the insurer failed to settle or satisfy plaintiff's claims; plaintiff also prays for a judgment for $500 as attorney's fees.
The defendant insurer in its answer alleged that the accident in which plaintiff was involved occurred many miles from his place of employment and did not arise out of and in the course of the employment, and, accordingly, plaintiff is not entitled to a recovery of workmen's compensation benefits; defendant also alleges that its refusal to amicably pay plaintiff such benefits was not arbitrary, capricious or without probable cause; defendant denies that it is liable for any penalties or attorney's fees in the matter.
After a trial on the merits of the case at which the pertinent facts were stipulated, the judge below rendered judgment in favor of defendant dismissing plaintiff's suit, from which plaintiff has taken this appeal.
As stated above, the traffic accident out of which plaintiff sustained the disabling injuries did not occur at the job site or on the premises where the construction work was being carried on; on the contrary, plaintiff's collision with the other automobile occurred while he was traveling in the Parish of St. John the Baptist at a point about two miles south of Laplace. Laplace is located several miles from Gramercy.
In order to determine whether plaintiff's injuries, within the contemplation of the Statute, arose out of and in the course of his employment, it is necessary that we first make inquiry as to the terms of the employment contract between employer and employee. Plaintiff is a member of the local union of A.F.L.-C.I.O., and it is conceded that under a master and craft agreement between said labor organization and the contractors in the vicinity of New Orleans, the rate of pay of a carpenter, such as was plaintiff, would be $2.77 per hour, and under the terms of said agreement plaintiff, who had to travel in his own automobile between New Orleans and Gramercy each day to perform his work, would be entitled to certain other payments.
Under the aforementioned agreement, which was binding on defendant's insured, with reference to the travel mileage, it is stipulated that the contractor may at his *760 option either (a) furnish trucks, buses, station wagons or automobiles, with seats protected from wind and rain; or (b) pay individual employees a transportation allowance of 3½¢ per mile each way to and from work. Said agreement also contains the proviso that if the employer furnishes transportation facilities to the employee, the contractor shall not be obligated to pay any mileage allowance to those employees who elect not to use such transportation facilities.
The employer in this case did not furnish such transportation facilities as were contemplated in the agreement to plaintiff, so he transported himself to and from work each day by using his own automobile. Under these circumstances, plaintiff was entitled to travel time, computed at his regular hourly wage rate, for a period of 45 minutes each day he worked and he was also entitled to the 3½¢ per mile for transportation allowance, which the record informs us aggregates $1.32 per day.
The accident occurred within the forty-five minute period for which travel time was paid and at a point admittedly within the travel area designated by the agreement for which travel mileage was allowed.
Plaintiff had reported to the job on the day of the accident and worked from 8:00 a. m. until 4:25 p. m., with a thirty-minute allowance out for lunch time. Plaintiff was allowed five minutes before knocking-off time within which to put away his tools, and after doing so, he "knocked off" at 4:30 p. m. He then proceeded to his automobile, which he had parked about one block from the spot at which he quit work, and after driving straight through the plant at which the work was being done, he turned south on the Airline Highway and proceeded by the shortest route toward New Orleans. The accident occurred between 4:45 and 4:50 p. m., or within 15 to 20 minutes after he had left the plant.
The legal question which is first presented to us for decision is whether the injuries which brought about plaintiff's total incapacity for the seven-week period can be said to have arisen out of his employment. Of course, counsel for the respective parties have divergent views on the matter.
It is a well-established general rule in Louisiana that under our Workmen's Compensation Law, if an injury befalls a workman away from his employer's premises while going to or returning from his work, the injury does not arise out of the employment. But, it is likewise well recognized that the above rule is subject to an exception to the effect that where the employer furnishes or supplies the means of transportation, such becomes an integral part of the employment, and when the workman is injured while being transported by the employer, the accident is to be held to have been sustained in the course and scope of the employment and arising therefrom. The principle of law which is the basis of the exception is enunciated in Griffin v. Catherine Sugar Co., Inc., 219 La. 846, 54 So.2d 121; Gibbs v. Pizzolato, La. App., 67 So.2d 139; Neyland v. Maryland Casualty Co., La.App., 28 So.2d 351, in each of which cases it was the definite policy of the employer to furnish transportation to the employees.
The defendant in the instant case points up the fact that the employer did not furnish the workman with transportation and that the travel time and mileage allowance were merely part of the wages earned by the employee. It is also argued by the defense that the plaintiff was not performing any of his usual duties as a carpenter or engaged on any mission of the employer when injured.
We do not find that this argument, the sole defense advanced, is valid, it being our opinion that plaintiff in this case was injured in an accident arising out of the employment and during the scope and course thereof. Under the specific provisions of the contract of employment the employer was obligated to furnish plaintiff with transportation, it being optional with *761 the employer whether it should supply the facilities or pay the mileage allowance to plaintiff in consideration of his making use of his own means of transportation. If the accident had happened while plaintiff was being transported via facilities which the employer had furnished, no one would question for a moment, in view of the settled jurisprudence, that plaintiff would be considered as having been injured in an accident arising out of the employment. We think the same rule should prevail in the instance where the employer chooses not to furnish the actual facilities for transportation but instead makes monetary allowance to the employee for seeing to his own transportation to and from the job. It would be an absurdity to reason otherwise. Suppose the employer in the instant case had elected to furnish transportation facilities to some of the workmen but had seen fit to withhold such facilities from others to whom would be paid the mileage or transportation allowance of 3½¢ per mile; could it logically be said that the employees who rode in the vehicles of the employer would be entitled to the benefits of the Compensation Statute if injured during transportation to or from work while those workmen who traveled in their own vehicles would be denied such benefits? To give affirmative answer would in effect be placing some workmen in a position superior to that occupied by others although they all worked under one and the same labor agreement.
The question we have resolved is not new in Louisiana. The proposition is discussed by Malone in his Louisiana Workmen's Compensation Law and Practice, wherein the author, on page 207, makes these observations:
"The rule applies whenever the employer has interested himself in the transportation to and from work as an incident to the employment agreement, and it is immaterial whether he provides a conveyance and driver or merely pays the cost of fuel for the employee's own vehicle. * * *"
The statement "it is immaterial whether he provides a conveyance and driver or merely pays the cost of fuel for the employee's own vehicle" is based on the holding in Williams v. Travelers Ins. Co. of Hartford, Conn., La.App., 19 So.2d 586, 587, decided by our colleagues of the First Circuit. In that case the court said:
"* * * There is a second defense based on the grounds that the decedent was not killed while acting in the course and scope of his employment but there is a stipulation in the record to the effect that he was fatally injured in an automobile accident while returning to his residence after having performed his day's work on the job on which he was engaged, approximately 30 miles away. He used his own automobile but it is admitted that he was allowed traveling expenses and this, in our opinion, brought him within the rule that an employee who is injured or killed on his way to or from work, where transportation is a concomitant of the contract of hiring, is considered as having been injured or killed within the course of his employment and a claim arising under such circumstances is compensable."
It is true the nature of the employment was somewhat different in the Williams case, but we think the doctrine enunciated by the court there can be applied to the facts in the instant case.
99 C.J.S. Workmen's Compensation § 236, page 845, also makes some comment on the proposition in the following language:
"On the other hand, where the employee is actually under the supervision of his employer, while furnishing the conveyance for transportation, harm sustained while going to or from the actual working place may be compensable, as it may where the employee supplies the vehicle and is paid travel or transportation costs by the employer *762 in accordance with the latter's contractual obligation, * * *."
In a footnote Williams v. Travelers Ins. Co. of Hartford, Conn., is cited, as well as cases decided by the Federal courts, and also courts in Iowa, Missouri, New Jersey, New Mexico, New York and Wisconsin.
Defendant cites several authorities which we think not analogous to the case before us.
There is no dispute as to the time of plaintiff's disability and that he would be entitled to be paid compensation at the rate of $35 per week; nor is there any contest over the amount claimed by plaintiff for medical expenses, which is $502.
Plaintiff cannot recover any penalty and attorney's fees under LSA-R.S. 22:658, for failure of the insurer to make payment of the compensation and medical expenses within sixty days after receipt of proof thereof. Such penalty and attorney's fees are to be assessed only when the failure to pay within said period is found to be arbitrary, capricious or without probable cause, and it should not be said in this case the insurer acted in such manner. The question whether plaintiff was entitled to the benefits under the Workmen's Compensation Act was debatable and much could be said pro and con with reference to his claim. Even the trial judge believed that plaintiff should not prevail in his demands.
For the above reasons, insofar as it dismisses plaintiff's suit for workmen's compensation and medical expenses and casts him for costs of the suit, the judgment appealed from is reversed. It is now ordered, adjudged and decreed that the judgment be amended so as to condemn defendant to pay plaintiff workmen's compensation for a period of seven weeks at the rate of $35 per week, commencing November 20, 1956, together with legal interest on each week's compensation from due date until paid, together with $502 for medical expenses, with legal interest on said sum from judicial demand until paid, and as thus amended and in all other respects the judgment is affirmed. Defendant is to pay the costs of both courts.
Reversed in part; amended and affirmed in part.