FRUGÉ, Judge.
This is a suit brought under the provisions of the Workmen’s Compensation Act by plaintiff-appellee, Cosmos Castille, for total and permanent disability as a result of an accident which allegedly occurred in the course and scope of his employment with AAA Janitorial and Window Cleaning Company. The defendant is Traders and General Insurance Company. From a judgment allowing total and permanent disability, defendants appeal.
Cosmos Castille, plaintiff in this law suit, seeks benefits payable under the Louisiana Workmen’s Compensation law for total and permanent disability resulting from an automobile accident, and consequent injuries, in which he was involved on March 3, 1960. Castille was employed by AAA Janitorial and Window Cleaning Company to perform janitorial services for various customers and was furnished a truck which he kept at all times. On the day of the accident the plaintiff arose rather early and proceeded to do his regular contract jobs at several business establishments in downtown Lake Charles. After finishing this work he was ordered to go to Chennault Air Force Base for the purpose of cleaning certain telephone booths. Before proceeding on to the air base, the plaintiff went to his home, for about twenty minutes to eat breakfast. After eating he left with the intention of proceeding to the air base, to do his work. O11 the way to the air base, plaintiff was involved in the accident.
The defendants contend that “the plaintiff was engaged in a mission which was in no manner related to his employment but which, in fact, was undertaken solely to •satisfy his personal needs”; hence the plaintiff should not be allowed to recover since the accident did not arise out of and within the course of his employment. Alternatively, defendants contend that plaintiff is not totally and permanently disabled by his injuries.
The trial court found that:
“The evidence clearly reveals that the plaintiff was allowed the use of the truck to go to and from his work each day. The hours of the plaintiff’s employment were irregular at all times. This court is convinced, considering all the circumstances involved here, the irregular manner of working, regular use of the truck each day for transportation to and from work, practices of the employer in the past as to plaintiff’s eating habits during working hours, that the defendant, Roger Williams, had impliedly consented that the plaintiff could use this truck for obtaining his meals. The plaintiff’s eating habits were dictated by the nature of his work and the transportation was furnished by his employer. In this case the plaintiff, after finishing his work at several establishments in the business section of Lake Charles, was ordered to the Chennault Air Force Base for the purpose of cleaning certain telephone *398 booths located there. Before proceeding to the Air-Base, the plaintiff went to his home bringing some meat that he had purchased at a grocery store and ate breakfast while there. Plaintiff left his house with the intention of proceeding to the work at the Air base and after traveling approximately four blocks was involved in an accident. When plaintiff deviated from his direct route to the next assignment, in order to eat a meal, this court feels that he was doing something necessary in the furtherance of his employment and his employer’s business. This is especially true in view of the fact that each morning the plaintiff could not be certain what times would be available for him to obtain his meals. At approximately 8:30 his employer informed him of the Air Force Base work and emphasized its urgency. This court finds as the court held in the case of Clark v. Employers Liability Assurance Corporation, 27 So.2d 464, that this employee had the right to temporarily lay aside his work and obtain a meal for his physical sustenance in order that he might continue his work on his return with the better result for his employer. He was, therefore, at a place and on a mission at the time of the accident where he might be reasonably expected to be in the course of the proper performance of the duties which he owed to his employer.
“The defendant, Roger Williams, stated that he had instructed the plaintiff not to use the truck for ‘personal business’, but as we look at the facts of this case, the testimony of the defendant, plaintiff and other witnesses, this court concludes that that instruction was not interpreted by plaintiff to mean that he was not to use the truck for the purpose of obtaining meals. The record does not reveal that the defendant, Roger Williams, ever objected to plaintiff using the truck to obtain his meals during working hours. Thus, this court concludes that the accident occurred arising out of and in the course of the employment of plaintiff.”
A recent case that is closely in point with the instant case is Alexander v. Insurance Company of the State of Pennsylvania, La. App., 131 So.2d 558. In that case plaintiff was employed as a truck driver. On the way back to the employer’s place of business to finish a work day, the employee turned on a side road which looped past his home before joining the main road (in order to pick up some boots, as it started to rain during the work day and plaintiff wanted to change his wet shoes for some dry ones). On this mission, the truck overturned and the plaintiff was injured. In holding that the accident arose out of and within the course of employment the court stated:
“ ‘An employee is within the course of his employment where he is doing the work that he was engaged to do or an act or service naturally related or incidental thereto, or those reasonable things expressly or impliedly authorized by his contract of employment,’ 99 C.J. S. Workmen’s Compensation § 216, p. 711. * * * ” [Italics those of the court.]
The court further stated:
“'Acts necessary to the life, comfort or convenience of an employee zvhile at work, although personal to him and not technically acts of service, are incidental to the service, and an injury occurring zvhile in the performance of such acts is compensable as “arising out of’, and “in the course of’, the employment.’ 99 C.J.S. Workmen’s Compensation § 220, pp. 722-723. Where an employee detours from the main route, ‘The fact that the injury was suffered when the employee was somewhat off the most direct route does not establish that it was not suffered in the course of his employment, particularly where the employee had freedom of choice as to route.’ 99 C.J.S. Workmen’s Compensation § 222.” (Italics ours)
*399 It is undisputed that prior to the accident Castille was a healthy person and good worker. As previously pointed out, the record shows that on the day of the accident the plaintiff arose early and proceeded to his employment without eating. While at work he was instructed to go to the air base to do an extra job. At that time plaintiff elected to get a meal as he would probably not finish the job at the air base until 2:30 P.M., or later. Assuming, that plaintiff did go home on a purely personal mission, nevertheless the accident happened after he left home and when he was on the most direct route to his employment destination for the purpose of discharging his duties to his employer, and was therefore certainly within the scope of his employment. The doctrine of reentry or temporary deviation is accepted by this and other courts of this State to mean, in a matter such as this, that where the employee who is driving the vehicle provided by the employer for the transportation of himself, departs from his employment and undertakes a mission of his own, such employee re-enters his employment and the scope thereof after he has completed his private mission and has begun to return to his next duty. This is especially true where the actual return — if not interrupted by the accident — could and would have accomplished substantially the purpose of the employer which was involved in the authorized return. See Embry v. Reserve Natural Gas Company, 12 La.App. 97, 124 So. 572; Goldman v. Yellow Cab Company, 17 La.App. 450, 134 So. 351; Matheny v. U. S. F. & G., La. App., 181 So. 647; 14 Tulane Law Review 72.
Castille was examined by several doctors; after reviewing their testimony, we are convinced that the plaintiff is permanently and totally disabled and that the trial court was correct in stating the following :
“This court is convinced that the existence of the calcification problem as pointed out by Dr. Campbell [and] plaintiff’s work record of the past * * * that plaintiff has established his disability at the time of this trial by a preponderance of the evidence. Since this disability is of an indefinite nature, plaintiff is permanently and totally disabled within the meaning of the Louisiana Workmen’s Compensation Act.”
The jurisprudence and the accepted doctrine of this State is that the appellate court should not reverse the trial court in a workmen’s compensation case where no manifest error exist. In the instant case, we find that the trial judge’s analysis of this case was well reasoned and correct. We certainly do not find his decision to be “manifestly erroneous”.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.