155 So.2d 44 (1963)
Roy D. MABRY, Plaintiff-Appellant,
v.
The FIDELITY AND CASUALTY COMPANY OF NEW YORK et al., Defendants-Appellees.
No. 9987.
Court of Appeal of Louisiana, Second Circuit.
June 20, 1963.
Rehearing Denied July 12, 1963.
Certiorari Refused October 9, 1963.
Love, Rigby & Donovan, Shreveport, for appellant.
Blanchard, Goldstein, Walker & O'Quin, Shreveport, for appellees.
Before HARDY, GLADNEY and AYRES, JJ.
AYRES, Judge.
This is an action for workmen's compensation. The question presented for resolution is whether plaintiff sustained accidental injuries within the course and scope of his employment. From an adverse judgment, plaintiff has appealed.
*45 The facts material to the issue presented may be briefly stated. Plaintiff is a used car salesman for a local automobile agency. A car which had undergone repairs at the Packard Body & Paint Shop was returned to the used-car lot. The employee of the repair shop making the delivery was driven back to his place of business by plaintiff. On the return trip, plaintiff stopped at a bakery, parked his car upon the street, and, after alighting therefrom, took a couple of steps upon a sidewalk leading to the bakery. In so doing, he slipped and fell upon the icy walkway, inflicting the injuries for which he claims compensation. Plaintiff's purpose in stopping at the bakery was to obtain some bread for his wife to feed the birds.
On the basis of the aforesaid facts, defendants contend that the accident did not occur, nor did plaintiff sustain disabling injuries, while performing any duty within the course and scope of his employment.
Plaintiff obviously recognized that, at the time of his accidental injuries, he had deviated from his employment. Nevertheless, he contends that such deviation was inconsequential; that he had the implied consent of his employer in thus deviating from his employment, and that his deviation was of the type of a personal-comfort errand which does not serve to remove an employee from the course and scope of his employment.
A condition precedent to recovery of compensation is that the employee must have sustained personal injuries through an accident arising out of and in the course and scope of his employment. LSA-R.S. 23:1031.
And, as observed by Prof. Wex S. Malone, as a general rule, the employee who abandons his work, with or without permission, for the purpose of attending to his own personal business is not acting within the course of his employment. Malone's Louisiana Workmen's Compensation Law and Practice, § 167, p. 188.
In determining whether an accident arose out of an employment, it is necessary to consider only the questions: (1) Was the employee then engaged in his employer's business and not merely pursuing his own business or pleasure, and (2) did the necessities of the employer's business reasonably require the presence of the employee at the place of the accident at the time the accident occurred? Kern v. Southport Mill, 174 La. 432, 141 So. 19.
This rule was cited with approval in later cases. Harvey v. Caddo De Soto Cotton Oil Co., 199 La. 720, 6 So.2d 747; Nesmith v. Reich Bros., 203 La. 928, 14 So.2d 767; Laine v. Junca, 207 La. 280, 21 So.2d 150; Warren v. Globe Indemnity Co., 217 La. 142, 46 So.2d 66; Williams v. United States Casualty Company, La.App. 4th Cir., 1962, 145 So.2d 592 (writ denied).
From these cases, it clearly appears that both elements of the test laid down in the Kern case must be satisfied before an injury can be held to have arisen out of the employment. Therefore, if an employee is engaged in the performance of an act solely for his own personal benefit, or if the necessities of his employer's business do not reasonably require him to be at the place the accident occurs when it occurs, he is not entitled to the benefits of the Workmen's Compensation Act. In this regard, the court, in Moss v. St. Paul-Mercury Indemnity Co., La.App. 1st Cir., 1948, 35 So. 2d 867, 870, used this language:
"Where the employee steps aside from his employer's business to do some act of his own, not connected with his employer's business, the relationship of employer and employee, or master and servant, is, as to that act, completely suspended, and an accident occurring at that time, resulting in injury to the employee, does not arise out of the employment so as to restrict the employee to a right of recovery under the Workmen's Compensation Act."
*46 Under the facts in the instant case, it could not be said that plaintiff, at the time he sustained his fall, was engaged in his employer's business. He was on his way into a bakery, as stated, to get bread for his wife to feed the birds, and, therefore, was obviously engaged in doing an act purely personal to him and which had not even the remotest connection with the business of his employer. Nor could it be said that this act was incidental to his employment or to his employer's business.
It is likewise clear that the necessities of the employer's business did not require plaintiff to be at the place where the accident occurred when it happened. Had he not turned aside from his employer's business, he would have continued to drive to the lot, would not have stopped and parked in front of the bakery, and would have had no occasion to be on the walk leading to the bakery where he was at the time he fell.
Therefore, it cannot be correctly contended that either element of the test laid down in the aforesaid cases is met under the facts of this case. Thus, the conclusion is inescapable that plaintiff left his work to pursue his own affairs and thus separated himself from his employment, and, accordingly, is not entitled to compensation for the injuries sustained while so separated from his employment.
Cited in support of plaintiff-appellant's position are these cases: Alexander v. Insurance Company of State of Pa., La.App. 3d Cir., 1961, 131 So.2d 558; Jagneaux v. Marquette Casualty Company, La.App. 3d Cir., 1961, 135 So.2d 794; Castille v. Traders and General Insurance Company, La. App. 3d Cir., 1962, 137 So.2d 396; Gray v. Broadway, La.App. 3d Cir., 1962, 146 So.2d 282.
These cases are distinguishable from the one now before us. The purported deviation in each of these cases was not for purely personal reasons, but was incidental to the employment.
In the Alexander case, the accident occurred while the employee was returning for his boots in order to continue work for the remainder of the day. His shoes, in the meantime, had become wet and muddy and his feet wet and cold.
In the Jagneaux case, the doctrine of reentry into one's employment was involved. The court held that the plaintiff could not be chargeable with a deviation from his employment since he was a passenger in the employer's vehicle and the deviation was neither initiated nor controllable by him, nor engaged in for his benefit.
In the Castille case, the doctrine of reentry into one's employment was also a predominating factor.
In the Gray case, the employee reported for work and was instructed to drive a truck, whereupon it was necessary that he return home to procure his driver's license. The alleged deviation was therefore necessary to and in the interest of his employer's business.
As heretofore pointed out, there was no connection, incidental or otherwise, between plaintiff's deviation from his employment in the instant case and his employer's business. As a condition to recovery, the employee must be engaged in his employer's business at the time of the accident and not merely pursuing his own purposes. If this were not true, then any accident occurring during working hours would be compensable, notwithstanding the fact that the employee was not engaged in the performance of his duties. To hold, in the instant case, that the accident is compensable would destroy the rationale of the ruling in the Kern and subsequent cases and render the provision of the compensation statute, prescribing that the accident arise out of the employment, utterly meaningless.
The judgment appealed is therefore affirmed at appellant's cost.
Affirmed.