HARDY, Judge.
This is an action ex delicto instituted by plaintiff as the mother of her deceased minor son, Donald Wayne Jones, eighteen years of age, allegedly fatally injured as the result of an automobile accident. Named as defendant is Southern General Insurance Company as the automobile liability insurer of R. E. McCullough. Plaintiff appeals from judgment sustaining a motion for summary judgment filed by defendant.
The allegations of plaintiff’s petition arc that her minor son was employed as a swamper by defendant’s assured, McCullough, and that on the day of the accident decedent quit his employment before termination of his day’s work and was riding home on a logging truck owned by his employer and insured by the defendant. It is further alleged that the truck upon which decedent was riding was subjected to an accident directly and proximately caused by the negligence of the driver of the truck, who was an employee of McCullough.
To the petition of plaintiff, defendant interposed a motion for summary judgment, which was sustained and judgment rendered dismissing plaintiff’s suit. From the judgment plaintiff has appealed.
The basis for the motion was that decedent was in the employment of McCullough and that any action resulting from his death must of necessity have been pursued under the Workmen’s Compensation Act as the exclusive remedy.
The inescapable conclusion in the instant case is that, if plaintiff’s remedy is restricted to the Workmen’s Compensation Statute, the defendant will plead exclusion from liability on the ground that, plaintiff was not within the course and scope of his employment at the time of the accident, and, affirmatively, that he was disobeying instructions of his employer in riding the truck which accidentally overturned and caused his death.
We have carefully examined the Articles of Louisiana C.C.P. 966 et seq., LSA, with respect to motions for summary judgment, as well as the jurisprudence bearing upon this point.
We note with interest the comment under Article 966 relating to the procedure for *309 the motion for summary judgment which reads as follows:
“Under the 1870 Code of Practice there is no counterpart to the motion for summary judgment. Even though, in all probability, it will not be successfully utilized often, the availability of the device and its potential for expeditious disposition of frivolous, but well pleaded, demands and defenses should go very far in discouraging such demands and defenses.”
We are conscientiously opposed to consideration of the motion for summary judgment as a device which would strip a plaintiff, without adequate reason, of any possibility of asserting and maintaining a valid claim.
In the instant case the conclusion is obvious that if defendant is able to escape liability from plaintiff’s tort claim, it will then be in position to assert an apparently valid defense against a workman’s compensation claim on the ground of (a) disobedience of direct orders of the employer, and (b) the occurrence of the accident outside of the course and scope of the employment.
We are of the opinion that the petition states a valid . and actionable tort claim, and, without proof to the contrary, we are unwilling to assume the responsibility of enforcing a change in the cause of action to a claim under the Workmen’s Compensation Act.
For the reasons assigned, the judgment appealed from is set aside, annulled and reversed, and it is now ordered, adjudged and decreed that this cause be remanded to the Honorable the First Judicial District Court in and for the Parish of Caddo, State of Louisiana, for further proceedings in accordance with this opinion.
Costs of this appeal are taxed against defendant-appellee, and it is ordered that all further costs shall await determination of the trial on the merits.