HARDY, Judge.
This is an action ex delicto in which plaintiff seeks damages resulting from the death of her minor son, Donald Wayne Jones, who was fatally injured while a passenger in a log truck insured by defendant.
On a previous appeal by plaintiff from judgment sustaining a motion for summary judgment, this court reversed the judgment of the lower court and remanded the case for trial on the merits (159 So.2d 307). Following trial there was judgment in favor of plaintiff in the principal sum of $10,-000.00, from which defendant has appealed.
The facts are undisputed. Plaintiff’s ■decedent, 18 years of age, was employed by his uncle, R. E. McCullough, a logging contractor, as a swamper. As a condition of the employment McCullough had agreed to furnish transportation to young Jones, which was specifically provided by a pickup truck driven by McCullough’s 15 year ■old son, Dennis. The employer had forbidden young Jones to ride any other vehicle, and during the period of his employment prior to the date of the accident Dennis McCullough, operating the pickup truck, had driven Donald Jones from his home in Mansfield to the site of the logging operations, and, at the end of the day’s work, had transported him back to his home in the pickup truck. On the day of the accident young Jones had quit work, without permission from or notification to his employer or any authorized representative, some two or three hours before the usual quitting time in order that he might return to Mansfield for the purely personal reason of fulfilling an engagement he had with a young lady. Decedent hitchhiked a ride on a truck owned by his employer, driven by an employee, one Carey Hudson, Jr., and insured by defendant, which was transporting logs to a mill in Mansfield. Dennis McCullough was also riding in the truck for the purpose of directing the driver, who was a new employee and unfamiliar with the route to the lumber mill. As the truck, traveling east on Louisiana Highway 5, approached a “T” intersection with Louisiana Highway 175, the driver attempted to apply the brakes. According to the only testimony on this point, given by young Dennis McCullough, the brakes either failed or the driver missed the brake pedal, whereupon he attempted to slow the truck by shifting into low gear, but without avail due to the speed of the vehicle. Having lost control of the truck, the driver jumped from the cab and the vehicle overturned in a ditch on the east side of Highway 175, and plaintiff’s son was fatally injured.
The conclusion of gross negligence on the part of the driver of the truck is inescapable and scarcely merits discussion. No attempt was made on the part of defendant to prove that the accident was caused by any defect in the brakes which was unknown to its insured or for which he was not responsible. However, in view of Hudson’s negligence, the condition of the brakes is immaterial.
On this appeal counsel for defendant contends that decedent was in the course and-scope of his employment and, further, that, coverage of liability is excluded by the-co-employee clause of the policy contract.
We find no difficulty in disposing of the first contention. The fact that Donald Jones had abandoned his work for the purpose of pursuing a personal mission completely unrelated to his employment is-established without dispute. Under such a circumstance the general rule uniformly supported by our jurisprudence is succinctly stated in Malone’s Louisiana Workmen’s *717 Compensation Law and Practice, Section 167, page 188, as follows:
“As a general proposition, the employee who abandons his work, with or without permission, for the purpose of attending to his personal business is not acting within the course of his employment.”
In a comparatively recent case this court considered the same issue, Mabry v. Fidelity & Casualty Company of New York, et al. (2nd Cir., 1963, writs refused), 155 So.2d 44, and the opinion contains the following pronouncement:
“In determining whether an accident arose out of an employment, it is necessary to consider only the questions: (1) Was the employee then engaged in his employer’s business and not merely pursuing his own business or pleasure, and (2) did the necessities of the employer’s business reasonably require the presence of the employee at the place of the accident at the time the accident occurred? Kern v. Southport Mill, 174 La. 432, 141 So. 19.”
Under the facts of this case both of the questions propounded above must be answered in the negative.
It is earnestly contended by counsel for defendant that the general rule above stated is subject to an exception in cases in which the furnishing of transportation by the employer is an incident to the employment, citing Walker v. Lykes Bros., La.App., 166 So. 624; Griffin v. Catherine Sugar Co., Inc., 219 La. 846, 54 So.2d 121; Gibbs v. Pizzolato, La.App., 67 So.2d 139; Neyland v. Maryland Casualty Co., La.App., 28 So.2d 351; Callihan v. Firemen’s Fund Indemnity Co., La.App., 110 So.2d 758; Estaves v. Faucheux, La.App., 111 So.2d 802.
Our examination of the above authorities discloses such a distinction in facts as to render them inappropriate. In our opinion the agreement to furnish transportation, in view of the undisputed facts of this case, is completely irrelevant. There was no agreement to furnish decedent with transportation in any instance in which he abandoned the duties of his employment in order to fulfill a personal mission. It is also undisputed that the agreed means and method of transportation was restricted to the use of one particular vehicle and the use of any other vehicle was prohibited. There can be no question that any claim asserted under the Workmen’s Compensation Statute, under the facts of the instant case, would be completely without merit. Although we find no case directly in point, the following authorities, in which compensation was denied, are somewhat appropriate by way of analogy; Taylor v. Gulf Refining Co. (1st Cir., 1929), 11 La.App. 270, 122 So. 162; Ogea v. Emergency Relief Administration (La.App. 1st Cir., 1934) 154 So. 647; Osborne v. McWilliams Dredging Co. (La.App. Orl., 1937), 176 So. 410.
We note the strenuous argument of learned and diligent counsel for defendant predicated upon the terminology of the opinion of the Supreme Court in Griffin v. Catherine Sugar Co., supra, to the effect that an employee riding in a (meaning “any”) conveyance is considered to be in the course of his employment in cases where transportation is an incident thereto. We regard this argument, ingenious though it may be, as superficial and unconvincing in view of the disregard of the requirement, in the words of the court, that the conveyance be one “ * * * so furnished by the employer * * (Emphasis supplied)
In the case under consideration the conveyance in which decedent was riding was not furnished by the employer for the purpose of the employee’s transportation and was prohibited from such use.
Of some interest, by reason of analogy, is the case of Mathews v. Jim & Ed’s Service Station (Appellate Court of Indiana, 1964), 196 N.E.2d 282, in which the court held that an employee fatally injured while using his employer’s truck for the purpose *718 of a personal errand was not entitled to compensation.
Turning to the contention of exclusion under the policy contract, we quote the policy provision as follows:
“The insurance with respect to any person or organization other than the named insured or such spouse does not apply: ******
(2) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer.”
 It is urged that the above provision excludes defendant’s liability in the instant case. Cited in support of this proposition, inter alia, is the case of Arceneaux v. London Guaranty & Accident Co. (La.App. 1st Cir., 1956), 87 So.2d 343. The opinion in the cited case is clear on the point that the co-employee exclusion clause was effective on the ground that the employees were working within the course and scope of their employment at the time of the accident. Being firmly convinced, for the reasons above set forth, that decedent could not, under any stretch of the imagination, be considered to have been in the course and scope of his employment at the time of the fatal accident, we can perceive no basis for the application of the exclusionary provision. We are completely in accord with the conclusion of the district judge that the exclusionary clause would be effective only if the decedent had been entitled to the protection accorded by workmen’s compensation.
No issue has been made with respect to the quantum of the award in the instant case which represented the maximum liability under the policy and otherwise would be considered as woefully inadequate.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.