230 So.2d 264 (1969)
Earl W. GRAHAM, Plaintiff-Appellant,
v.
MARYLAND CASUALTY COMPANY, Defendant-Appellee.
No. 7842.
Court of Appeal of Louisiana, First Circuit.
December 22, 1969.
*265 Sylvia Roberts, of Brumfield & Brumfield, Baton Rouge, for appellant.
John S. White, Jr., of Kennon, White & Odom, Baton Rouge, for appellee.
Before LANDRY, SARTAIN and ELLIS, JJ.
SARTAIN, Judge.
These are two cases which were consolidated for trial and the appeal now before us. In Suit No. 118,003 on the trial docket of the district court, plaintiff (appellant) seeks to recover under the Medical Payments Provisions of a policy he had with Maryland Casualty Company (appellee). The expenses totalled $2,667.29.
In the second suit which is No. 118,004, appellant seeks to recover maximum workmen's compensation benefits from appellee resulting from injuries which he sustained on January 25, 1966 while riding as a guest passenger in an automobile owned and operated by James L. Williams.
Appellant is the president and general manager of the Bayou News Agency, Inc. of Baton Rouge, Louisiana. The policies in question were issued to Bayou News and designate appellant as an additional insured thereunder.
With respect to Suit No. 118,003 appellant contends that Endorsement No. 1076 to the principal policy accords him medical payments benefits. The applicable provisions of this endorsement read as follows:

"INSURING AGREEMENTS
1. Automobile Medical Payments. To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:
Division 1. To or for each person who sustains bodily injury, sickness or disease, caused by accident, while in or upon or while entering into or alighting from the automobile described in the schedule hereof, provided the automobile is being used by the named insured or with his permission;
Division 2. To or for each insured who sustains bodily injury, sickness or disease, caused by accident, while in or upon, or while entering into or alighting from, or through being struck by, an automobile.

* * * * * *

CONDITIONS
* * * * * *
5. Other insurance. Under division 1, the insurance with respect to temporary substitute automobiles or any hired automobile insured on a cost of hire basis or any non-owned automobile shall be excess insurance over any other valid and collectible automobile medical payments insurance. Under division 2, the insurance shall be excess insurance over any other valid and collectible automobile medical payments insurance available to an insured under any other policy." (Emphasis ours.) *266 Appellant argues that the above quoted provisions are ambiguous and inconsistent because Division 2 clearly states that coverage is afforded the named insured, "who sustains bodily injury, * * * while in or upon, * * *, or through being struck by, an automobile". Appellant further contends that Division 2 is qualified by Conditions 5, which specifically state that the coverage provided under the policy shall be excess insurance over any other valid and collectible medical payments insurance available to him under any other policy. The Williams' vehicle had medical payments of $500. Therefore, appellant urges that he should recover from appellee medical expenses incurred by him in excess of $500.
Appellee defends on the grounds that Endorsement No. 1096, "Use Of Other Automobiles", is the applicable provision of the master policy. Endorsement No. 1096 requires the listing of individuals to be covered, their respective relationship to the principle insured, and the items of coverage, i. e., bodily injuries, medical payments, property damage, and a premium charge for each item. The column for medical payments (201) is blank whereas each other item shows that a premium was charged. It was for this reason that the trial judge concluded that appellant, his wife or his daughter were not entitled to medical payment benefits in the use of other automobiles because no premium was paid to appellee for such coverage. We are of the opinion that the decision of the trial judge in this respect is correct.
We are fully cognizant of the rule that in cases of ambiguity, policy provisions are to be construed in favor of the insured. Wilks v. Allstate Insurance Company, La.App., 177 So.2d 790; 195 So. 2d 390.
We also recognize that any limitations or exceptions to coverage of a policy must be clearly expressed and where there is any doubt as to coverage such doubt should be construed unfavorably as to the insurer, who drafted the policy. Wilks v. Allstate Insurance Company, supra, and Kendrick v. Mason, 234 La. 271, 99 So.2d 108.
However, a contract for insurance clearly expressed is the law between the parties. A strained construction or interpretation should not be used to effect coverage where the policy itself clearly evidences a contrary intent. In the case at hand, we are dealing with a master policy where appellee and members of his family are listed as additional insureds. The vehicles covered under the master policy are properly identified. The various types of coverages are clearly set forth. Endorsement No. 1096 which deals with the use of other automobiles clearly shows that no premium was paid for medical payments incurred in the use of other automobiles. This endorsement which is attached to and made a part of the master policy is clear and unambiguous.
We now turn our attention to Suit No. 118,004 which is appellant's claim for workmen's compensation benefits. We quote with approval from the decision of the trial judge, to-wit:
"* * * Plaintiff alleges, that while in the course and scope of his employment, that he sustained permanent disabling injuries after being involved in an auto accident on January 25, 1966 in the Parish of St. James. Plaintiff was a passenger in an auto driven by one James L. Williams. Unquestionably plaintiff did sustain very serious injuries (see medical reports offered by stipulation of Drs. Bannerman and Luikart). The deposition of plaintiff and James L. Williams establish the following facts: Mr. and Mrs. Graham and Mr. and Mrs. Williams decided to drive to New Orleans to attend the horse races at the Fairgrounds. This was their reason for going to New Orleans. Upon their arrival at the track they learned that the races had been cancelled for that day because of inclement weather. They then drove to New Orleans and ate lunch at the Roosevelt Hotel and had a couple of cocktails *267 while there. They accompanied their wives on a shopping tour and then ate supper at Galatoire's. Before leaving for the shopping tour plaintiff made several telephone calls to firms he did business with frequently. The parties arrived at the Fairgrounds around 12:00 p. m. and the accident happened on their way home, approximately seven hours later.
The issue to be resolved by the court is whether the personal injuries sustained by plaintiff in the auto accident arose out of and in the course and scope of his employment so as to qualify him for compensation benefits.
The facts of the case clearly indicate to the court that this trip was strictly a pleasure trip between the Grahams and Williams, who had in the past gone many places together socially. The trip was specifically planned to take in the horse races. After learning that the races had been cancelled the parties drove downtown and ate and shopped.
The only conceivable business activity engaged in was the telephone calls made by Mr. Graham to several of his suppliers. The manager of Louisiana News Company was not in so plaintiff did not get to talk to him. He usually went to New Orleans News Company to conduct his business but he, on this occasion, because of the inclement weather phoned and placed an order (P. 9, Graham deposition).
The court feels that two telephone calls placed by plaintiff, while at the Roosevelt Hotel, can not be considered sufficient activity as to bring plaintiff's action under the provisions of the compensation act. Plaintiff's telephone calls were only incidental to his trip which was strictly for pleasure. The court realizes that the compensation act must be liberally and broadly construed but does not feel that it can be stretched so far as to include plaintiff's claim for disability solely on the basis of two telephone calls he made while on a pleasure trip."
Appellant urges that the facts in the instant matter are "somewhat similar" to those found in Smith v. Consolidated Underwriters, 53 So.2d 264 (2d La.App., 1951). We suggest that the facts in Smith are inapposite to those in the instant matter as enumerated above and that this authority is not controlling in the case at hand. In Smith the employee was on a business errand for his employer. He was endeavoring to locate "an edgerman" for employment and to secure an item of equipment for his employer's machinery. The opinion in Smith particularly excluded the possibility that the plaintiff was merely making a social call. See also Wall v. Aldrich, 50 So.2d 680 (2d La.App., 1951) and Mabry v. Fidelity and Casualty Company of New York, 155 So.2d 44 (2d La.App., 1963, Certiorari refused, 1963) and cases therein cited.
Accordingly, for the above and foregoing reasons the judgments of the district court in Suits Nos. 118,003 and 118,004 are affirmed at appellant's costs.
Affirmed.