WILLIAMS, Judge.
This is an appeal by plaintiff, Billy Ray Jones, from a judgment of the trial court sustaining peremptory exceptions of no cause or right of action and motion for summary judgment filed by one of the defendants, Sentry Insurance Company. Jones seeks damages for personal injuries sustained when he was knocked from a scaffold on which he was standing when the scaffold was struck by an automobile driven by Lloyd D. Boyce.
Jones was employed as a painter in a crew working for Jack Parker, dba Jack Parker Painting Company. Jack C. McConnell, an employee of Parker, was in charge of the painting crew. Jones, in his petition, designated McConnell as superintendent, “an executive officer” of Parker.
Sentry issued a policy of comprehensive general liability insurance and under DECLARATIONS following the words NAMED INSURED AND ADDRESS is typed:
JACK M PARKER DBA JACK PARKER PAINTING COMPANY P. O. BOX 7496 SHREVEPORT, LOUISIANA
On this page the policy is printed as follows:
Named Insured is [x] Individual □ Partnership □ Corporation □ Estate □ BUSINESS : PAINTING CONTRACTOR.
As shown above, in the box preceding the word Individual an “X” is typed and following the box after the word Estate is typed: BUSINESS: PAINTING CONTRACTOR. On page 1 of the policy under DEFINITIONS “insured” is defined:
“INSURED” means any person or organization qualifying as an insured in the ‘Persons Insured’ provision of the applicable insurance coverage. The insurance afforded applies separately to each INSURED against whom claim is made or suit is brought, except with respect to the limits of the company’s liability;”
Under the heading II. PERSONS INSURED the policy contains the following:
“Each of the following is an INSURED under this insurance to the extent set forth below:
“(a) if the NAMED INSURED is designated in the declarations as an individual, the person so designated *896 but only with respect to the conduct of a business of which he is the sole proprietor;
“(b) if the NAMED INSURED is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;
“(c) if the NAMED INSURED is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof . while acting within the scope of his duties as such;
******
“This insurance does not apply to bodily injury or property damage arising out of the conduct of any partnership or joint venture of which the insured is a partner or member and which is not designated in this policy as a named insured.”
It is Jones’ contention McConnell is an executive officer of the insured, and further, the designation JACK PARKER PAINTING COMPANY following the words JACK PARKER DBA ... is a designation other than an individual. Accordingly, Jones argues any “executive officer” of such an “organization so designated” was within the coverage of the policy issued by Sentry.
We are aware of the rule, argued by appellant, that in cases of ambiguity, policy provisions are to be construed in favor of the insured. Likewise, we recognize limitations or exceptions in policy coverage must be clearly expressed and where doubt exists as to coverage, such doubt should be construed unfavorably to the insurer who drafted the policy. Wilks v. Allstate Insurance Company, 177 So.2d 790 (La.App. 3d Cir. 1965, Writ refused, 248 La. 424, 179 So.2d 18, 1965) ; Kendrick v. Mason, 234 La. 271, 99 So.2d 108 (1958).
Sentry argues a policy of insurance is a contract and must be construed according to the words therein in their general and accepted import, and courts are not at liberty to rewrite the contract and create ambiguity where none exists. In Graham v. Maryland Casualty Company, 230 So.2d 264 (La.App. 1st Cir. 1969) the court stated:
“However, a contract for insurance clearly expressed is the law between the parties. A strained construction or interpretation should not be used to effect coverage where the policy itself clearly evidences a contrary intent. . . .” [230 So.2d 264, 266]
Appellant cites Employers’ Liability Assurance Corporation v. Upham, 150 So.2d 595 (La.App. 4th Cir. 1963) in support of his argument that an individual or sole proprietorship could have an executive officer. This conclusion, if acceptable, would have no bearing here. We find no ambiguity in the policy issued by Sentry. On the page under DECLARATIONS 3, the policy sets forth the Named Insured and Address and directly thereunder an X is typed in the space designating the named insured an INDIVIDUAL. Under section II. PERSONS INSURED (c) any named insured designated an “individual”, as was JACK PARKER DBA JACK PARKER PAINTING COMPANY, was clearly excluded. This paragraph clearly shows no coverage of an alleged executive officer if the named insured was designated an “individual”.
For the reasons assigned, the judgment of the trial court sustaining the exceptions of no cause or right of action and summary judgment dismissing appellant’s action is affirmed.
Affirmed.