ROGERS, Judge.
This is an appeal from a judgment holding defendants, Lloyd N. Moreau, Inc. and Maryland Casualty Company, liable for total and permanent workmen’s compensation benefits to plaintiff, Mason Quinney, Jr., for injuries sustained on October 4, 1974.
This workmen’s compensation suit was consolidated with a tort suit filed by plaintiff against United States Fidelity & Guaranty Company and Lessie Brister relative to the same incident, however, the tort suit was dismissed.
The plaintiff, Mason Quinney, was employed by defendant, Lloyd N. Moreau, Inc. (hereinafter referred to as Moreau), as a plasterer and as such was working on October 4, 1974, on a job for Moreau. Moreau was the subcontractor of a general contractor performing major renovation and remodeling at the MacArthur Village Shopping Center located in Alexandria, Louisiana.
On this particular job, plaintiff was the foreman of a crew doing plastering work in one of the buildings in the shopping center.
On the day of the accident, Mrs. Lessie T. Brister drove her Cadillac El Dorado car into a hole in the parking lot near the job site at the shopping center.
The rear wheels of her vehicle rested in a place where flowers and/or shrubbery were to be planted. That place was bordered by cement curbing.
Because of this, Mrs. Brister was unable to remove her car under its own power. It is unclear whether plaintiff was compelled to the site of the accident by conscience upon viewing a lady in distress, or was removed by her specific request for assistance. In any event, plaintiff and his crew obliged, and with the help of a jack, extricated Mrs. Brister’s Cadillac from the hole. At some point following this maneuver, plaintiff’s right knee was struck by the vehicle. There is no dispute that plaintiff’s knee was injured by the vehicle.
The only issue is whether plaintiff’s accident arose out of and in the course of his employment under the provisions of LSA-R.S. 23:1031.
Defendants contend that plaintiff injured his knee on the rear bumper while trying to hold back the car, after the jack relieved the rear end of the Cadillac from the hole and lunged toward a building in the shopping center.
Plaintiff contends that after he jacked up the car and the car was removed from the hole, he completed his mission as a good Samaritan and began to walk back to work when the Cadillac he was passing alongside struck him on the knee and caused his injury.
*923 Defendants deny that the accident arose out of or occurred within the course and scope of plaintiff’s employment and further allege that at the time of this accident, he had abandoned and/or deviated from his employment. The exception of no right or cause of action alleging this was referred to the trial on the merits.
At this point in our opinion, we incorporate and adopt a part of the district judge’s reasons for judgment as follows:
“The serious question of law presented by the circumstances of this case is the determination of whether this injury arose out of and during the course of Mason Quinney’s employment. The Louisiana Supreme Court in Kern v. Southport Mill, 174 La. 432, 141 So. 19 (1932) held that “an accident occurs in the course of employment when it takes place during the time of such employment”. It is not disputed that the injury in question here occurred during the time of Mr. Quinney’s employment. The critical issue is whether Mr. Quinney’s departure from the work area to go to the aid of Mrs. Brister removed him from the protection of the workmen’s compensation act.
Deviation from normal duties in order to assist third persons does not automatically resolve the “arising out of” issue adversely to a claimant. See Edwards v. Louisiana Forestry Commission, 221 La. 818, 60 So.2d 449 (1952), Lewis v. Bellow, 212 So.2d 540 (La.App. 3rd Cir. 1968), Malone v. Plaisance Wholesale Grocery, 146 So.2d 853 (La.App. 3rd Cir. 1962). An analysis of these cases reveals that in addition to a humanitarian intent a good Samaritan’s aid to a third party must at least partially benefit his employer in order for an injury to be considered incidental to or arising out of employment. In the instant case, while it is true that the plaintiff was acting as a good Samaritan he was also acting as a part of the overall construction project which was responsible for the existence of a dangerous unmarked hole in the parking lot. Admittedly his employer was not involved in the parking lot portion of this project. The construction trade is a highly specialized industry and specialists of every genre are required to combine their efforts to complete a project. Where a business guest of the owner is placed in distress by the fault of one contractor working on a project, it would be unreasonable to expect a debate over which contractor’s employee should go to her aid.
The claimant was the foreman of the plastering crew. Although he was unable to read plans, his employer entrusted projects to his supervision when they were close enough to the home office for Mr. Moreau to conveniently explain the blueprints. In Mr. Moreau’s absence Mr. Quinney was in charge because he had demonstrated his ability to use his discretion in a manner pleasing to his employer. Had Mr. Moreau directed Mr. Quinney and the other employees to assist Mrs. Brister the injury would clearly be com-pensable. Baugh v. Scotland Lumber Company, 5 La.App. 348 (1st Cir. 1926). In the opinion of the Court the result should not be otherwise when a foreman either directs others or goes himself to do what he reasonably expects his employer would have directed him to do had he been present.
For the above reasons, this Court finds that plaintiff’s injuries arose from his employment as he had not deviated therefrom.
In any case, at the time plaintiff was injured he was either walking toward the building where he was working, which was only a few feet away, or attempting to prevent damage to that building by the rolling car. Therefore, even if Mr. Quinney’s mission were considered a temporary deviation from the course of his employment, he is entitled to workmen’s compensation under the doctrine of a reentry because he had completed his mission and begun to return to his normal duties. Castille v. Traders & General Insurance Company, 137 So.2d 396 (La.App. 3rd Cir. 1962), Stubbefield [Stubblefield] v. Fidelity & Casualty Company of New York, 157 So.2d 583 (2nd Cir. 1963).
*924 In view of the close questions presented by this case, plaintiffs claim for statutory penalties and attorney’s fees is denied.”
Although the trial judge did not make specific findings of fact, his conclusion in finding that the plaintiff’s claim was compensable makes it apparent that he believed that the accident occurred as was testified to by the plaintiff and his witnesses. We are mindful of the great weight to be placed on the factual findings and conclusions of the district judge, which includes a determination of the credibility of the witnesses who testified.
Our review of the record shows that there is a reasonable evidentiary basis that the plaintiff’s action in aiding Mrs. Brister was a temporary deviation from the course of his employment, and that the temporary deviation was completed; and further that plaintiff had begun to return to his normal duties under the doctrine of re-entry as elucidated upon in Stubblefield v. Fidelity and Casualty Company of New York, supra.
As was stated in Castille v. Traders & General Insurance Company, supra, an appellate court should not reverse the trial court in a workmen’s compensation case where no manifest error exists. In the instant case we find that the trial judge’s analysis was well reasoned and certainly is not manifestly erroneous. See also Canter v. Koehring Company, 283 So.2d 716 (La.1973).
No issue is made concerning the severity of plaintiff’s injury. Suffice it to say that his injury was such that he is totally and permanently disabled within the meaning and context of the workmen’s compensation law as it existed at the time of the accident.
For the reasons assigned, the judgment of the district court is affirmed. Costs are assessed against defendants in equal proportions.
AFFIRMED.